The STATE ex rel. J. RICHARD GAIER CO., L.P.A.

v.

KESSLER, Judge.

[Cite as *State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler* (1994), 97 Ohio App.3d 782.]

Court of Appeals of Ohio,
Miami County.

No. 94–CA–53.

Decided Dec. 2, 1994.

*Perry J. Palaez,* for relator.

*Thomas G. Petkewitz,* Miami County Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.*

This matter is before the court on respondent's reply to the alternative writ issued by this court on November 3, 1994. We ordered respondent, Judge William E. Kessler, to show cause why a writ of prohibition should not issue, as it appeared that he may have been unlawfully exercising jurisdiction in *Burns v. Henne et al.,* Miami Municipal Court No. 93–CVFT–659. Respondent argues in his response that notwithstanding plaintiffs' voluntary dismissal of the underlying action under Civ.R. 41(A)(1), respondent has jurisdiction to rule on a Civ.R. 11 motion for sanctions as reasoned in *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 620 N.E.2d 160. For the following reasons, we find the reasoning in *Grossman v. Mathless & Mathless, C.P.A.* persuasive and accordingly conclude that respondent has jurisdiction to rule upon the motion for sanctions. Relator's request for a writ of prohibition is DENIED and this matter is DISMISSED.

Briefly, on June 24, 1993, relator, J. Richard Gaier Co., L.P.A., filed a complaint against William Henne, Terry Henne, Bill McVety Realty, and Heritage Realty on behalf of John and Melissa Burns. The nature of the Burns complaint is not a matter of record in the present action and is irrelevant to our determination. On November 2, 1993, the parties settled the matter and relator filed a voluntary dismissal pursuant to Civ.R. 41(A)(1) on behalf of plaintiffs. No

further actions were taken by the parties until May 20, 1994, when Bill McVety Realty filed a Civ.R. 11 motion for sanctions against relator and attorney Perry J. Pelaez. William and Terry Henne then filed a similar motion on June 13, 1994.

In between the filing of the two motions for sanctions, relator filed on May 25, 1994, a motion to dismiss the request for sanctions, arguing that the voluntary dismissal filed November 2, 1993, terminated the case and divested the trial court of any authority to proceed on any matters related to the case. Relator relied upon the decision of the Supreme Court of Ohio in *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 586 N.E.2d 107, which held, in part, that when a plaintiff files a voluntary dismissal, the trial court will lose jurisdiction over the case.

On October 5, 1994, respondent overruled relator's motion to dismiss and set a hearing on the motion for sanctions. That hearing is scheduled for December 5, 1994, and it is that hearing that relator seeks to enjoin on the grounds that the trial court lacks jurisdiction.

■ Before a writ of prohibition will issue, the movant must demonstrate that (1) an inferior court or officer is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, *and* (3) the refusal to issue the writ will result in an injury for which there is no remedy in the ordinary course of law. *State ex rel. Wall v. Grossman* (1980), 61 Ohio St.2d 4, 15 O.O.3d 2, 398 N.E.2d 789; *State ex rel. Bonfiglio v. Brumbaugh* (Apr. 13, 1992), Darke App. No. 1301, unreported, 1992 WL 82683. The three conditions for issuing a writ are conjunctive; that is, the movant must establish that he has met all conditions before a court will issue a writ.

■ Relator's complaint requires us to determine what effect a voluntary dismissal pursuant to Civ.R. 41(A)(1) has on a trial court's jurisdiction to decide matters collateral to the underlying action, particularly a motion for sanctions under Civ.R. 11. While some appellate courts appear to hold that the effect of a voluntary dismissal is to divest the trial court of all jurisdiction over any matters related to the action (see *Koukios v. Marketing Dynamics, Inc.* [Sept. 7, 1994], Hamilton App. Nos. C–920913, C–920918, C–930289 and C–930555, unreported, 1994 WL 481769), other courts have found some exception to the general notion that a voluntary dismissal forecloses further court action. See *Grossman v. Mathless & Mathless, C.P.A., supra.*

We believe that the reasoning expressed in *Grossman v. Mathless & Mathless, C.P.A.* is the more sound approach to resolving the question of whether a trial court has jurisdiction to determine a motion for sanctions. See, also, *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359, construing Fed.R.Civ.P. 41. A voluntary dismissal under Civ.R. 41(A)(1) deprives

the trial court of jurisdiction over the matter dismissed. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142. However, a request for sanctions under Civ.R. 11 is not part of the matter dismissed; it is a demand for relief that is collateral to the claims of the parties and the adjudication of those claims. *Newman v. Al Castrucci Ford Sales* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001.

We can find no reason to distinguish the effect of a voluntary dismissal from the effect of any other type of dismissal. Regardless of the nature of the dismissal, trial courts must retain some limited jurisdiction to determine collateral matters even when the action is dismissed voluntarily. *Andy Estates Dev. Corp. v. Bridal* (1991), 68 Ohio App.3d 455, 588 N.E.2d 978. Thus, allowing a trial court to consider a collateral request for sanctions for the filing of a frivolous complaint is vastly different from allowing a trial court to consider such a motion relative to the actual voluntary dismissal. Where the former merely allows a trial court to enforce the rule that parties ought not file frivolous pleadings, the latter would unreasonably penalize a plaintiff for exercising the absolute right of dismissal. Cf. *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214. We hold, therefore, consistent with the decision of the Franklin County Court of Appeals in *Grossman v. Mathless & Mathless, C.P.A.*, that the filing of a voluntary dismissal does not divest the trial court of jurisdiction over a motion for sanctions so long as that motion does not seek to penalize a party for exercising his absolute right to dismiss an action. Absent such a result, a party could force a defendant to expend significant time and money to defend against an arguably frivolous action and then dismiss that action just prior to trial with little if any consequence. In that circumstance, the goal of Civ.R. 11 and its statutory counterpart, R.C. 2323.51, which is to prevent parties from using the judicial process to harass one another, would be significantly less achievable.

We emphasize that we do not reach any determination whether relator's filing of a complaint was frivolous conduct under Civ.R. 11. That matter must be determined by the trial court and any such determination would be subject to review on appeal after judgment.

For the above stated reasons, we conclude that the trial court retained limited jurisdiction to determine collateral matters notwithstanding the voluntary dismissal of November 2, 1993. Accordingly, relator's complaint for a writ of prohibition is DENIED. This matter is dismissed.

*So ordered.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.