This matter is before the court on the motion of Judge Dennis Langer to dismiss the above-captioned petition for a writ of prohibition that has been brought against him. For the reasons that follow, the motion to dismiss will be granted.
Petitioners (the Paysons) are the defendants in an underlying lawsuit presently pending before Judge Dennis Langer of the Montgomery County Court of Common Pleas. In that case, Miami Valley Hospital brought an action against the Paysons in which it sought payment from them of approximately $1500 on an alleged account. The Paysons then filed a third-party complaint against their health insurance carriers, Guardian Life Insurance Company ("Guardian") and Anthem Blue Cross/Blue Shield ("Anthem"). In response, Guardian and Anthem each filed a motion to dismiss the third-party complaint. In its motion to dismiss, Guardian also sought recovery of its reasonable attorney's fees and expenses incurred in defending against the third-party complaint pursuant to provisions contained in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.
Subsequently, the Paysons, pursuant to Civ. R. 41(A) (1), voluntarily dismissed their third-party complaint against Guardian and Anthem, without prejudice. Thereafter, the trial court referred the matter to its magistrate for a determination of Guardian's claim for attorney fees against the Paysons.
Without detailing all the various procedural mechanisms employed in the underlying matter, suffice it to say that the Paysons challenged the trial court's authority to decide the attorney fees issue. The Paysons contended that in view of their voluntary dismissal of the third-party action, the trial court was without jurisdiction to hear Guardian's claim for attorney fees. The magistrate concluded that the Paysons' voluntary dismissal of their third-party claim against Guardian did not divest the trial court of jurisdiction to hear Guardian's claim for attorney fees. The trial court overruled the objections of the Paysons to the magistrate's decision and adopted that decision as its own. The magistrate then scheduled a hearing on the attorney fees issue.[1]
Subsequently, the Paysons filed this petition for a writ of prohibition. The petitioners seek "an alternative writ of prohibition directed to Judge Dennis Langer (hereinafter `Respondent') of the Montgomery County Court of Common Pleas, to prohibit the lower court from taking further action on Petitioner's Dismissed Third Party Complaint against Third Party Defendant Guardian Life Insurance Company of America, et al." The petitioners argue that the trial court is without jurisdiction to hear Guardian's claim for attorney fees. The petitioners concede that a trial court has jurisdiction to decide Civ. R. 11 or R.C.2323.51 requests for sanctions after a voluntary dismissal because such requests are collateral to the underlying matter; however, petitioners contend that "a request for ERISA attorney fees and costs is not a collateral matter under Ohio law." (Emphasis sic). The petitioners argue that in order to resolve the attorney fees issue, the trial court will have to decide the applicability of ERISA to the underlying action and whether Guardian prevailed in that action, decisions which, according to the petitioners, are not collateral matters, but instead are matters which go to the heart of the underlying action., Guardian Life Insurance has filed a memorandum in opposition to the Paysons' petition for an alternative writ of prohibition, contending that the trial court has jurisdiction to hear its claim for attorney fees. In addition, Judge Langer, the respondent, has filed a motion to dismiss the petition, pursuant to Civil Rule 12(B) (6), on grounds that it fails to state a claim upon which relief can be granted. Judge Langer argues that the petition does not comply with Civil Rules 10(A) and (B) in that the caption of the petition does not set forth the names and addresses of the parties to the action, in particular Judge Langer as respondent, and that the paragraphs of the petition are not numbered. In addition, Judge Langer argues that his exercise of judicial power over the attorney fees issue is not unauthorized by law and that the petitioners are not without an adequate remedy at law, two of the predicates that are required for the issuance of a writ of prohibition. The petitioners have failed to respond to Guardian's memorandum or to Judge Langer's motion to dismiss.
At the outset, we note that an original action seeking an extraordinary writ, such as one for prohibition, is a civil action that is ordinarily subject to the Ohio Rules of Civil Procedure.See Rule 8(A), Local Rules of the Second Appellate Judicial District. Civil Rule 10(A) requires a complaint to include the names and addresses of all the parties; Civil Rule 10(B) requires that all averments of a claim be made in numbered paragraphs. The Paysons' petition fails to comply with either of these rules. However, we decline to dismiss the petition on that basis alone, particularly in view of the fact that the very first paragraph of the petition clearly identifies Judge Langer as the respondent against whom the action is directed. Moreover, were that the only deficiency contained in the petition, we would in all likelihood order that the petition be amended to cure those defects rather than ordering its dismissal. Here, however, the petition suffers from a more serious defect. Even when construed in the Paysons' favor, the petition fails to state a claim upon which relief can be granted.
"Prohibition is an extraordinary writ issued by a higher court to a lower court or tribunal, to prevent usurpation or exercise of judicial powers or functions for which the lower court or tribunal lacks jurisdiction. That is, the writ restrains the unauthorized exercise of judicial power." Whiteside, Ohio Appellate Practice (1999 Ed.) T. 10.40, at 197 (citations omitted).
"Three conditions must exist to support the issuance of a writ of prohibition: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law." State ex rel. La Boiteaux Co. v. Court
(1980), 61 Ohio St.2d 60, 61. The extraordinary remedy of prohibition may not be employed as a substitute for appeal for the purpose of reviewing mere errors or irregularities in the proceedings of a court having proper jurisdiction. State ex rel.Woodbury v. Spitler (1973), 34 Ohio St.2d 134, 137.
"Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. State ex rel. Enyart v.O'Neill (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. If, on the other hand, an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. State ex rel. Rogers v. McGee Brown (1997),80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127." Page v. Riley
(1999), 85 Ohio St.3d 621, 623.
In this case, Guardian has sought attorney fees against the Paysons pursuant to ERISA, particularly 29 U.S.C. § 1132(g) (1). That section provides that "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In Richland Hospital, Inc. v. Ralyon
(1987), 33 Ohio St.3d 87, the Ohio Supreme Court held:
 State courts have jurisdiction concurrent with that of the federal courts to award benefits due under the terms of a self-insured employee benefit plan adopted pursuant to the Employee Retirement Income Security Act (ERISA).
 ERISA expressly authorizes state and federal courts, in their discretion, to award reasonable attorney fees and costs to either party in actions brought under ERISA.
Id., paragraphs one and two of the syllabus. Thus, a state trial court has jurisdiction to hear a claim for attorney fees brought pursuant to the federal ERISA statute.
The Paysons argue, however, that upon filing their notice of voluntary dismissal, the trial court lost jurisdiction to hear the attorney fees claim. In State ex rel. Gaier Co. v. Kessler
(1994), 97 Ohio App.3d 782, 784-785, we stated that "[a] voluntary dismissal under Civ.R. 41(A) (1) deprives the trial court of jurisdiction over the matter dismissed. * * * However, a request for sanctions under Civ.R. 11 is not part of the matter dismissed; it is a demand for relief that is collateral to the claims of the parties and the adjudication of those claims." (Citations omitted). Accordingly, we held "that the filing of a voluntary dismissal does not divest the trial court of jurisdiction over a motion for sanctions so long as that motion does not seek to penalize a party for exercising his absolute right to dismiss an action." Id., at 785; see also Grossman v.Mathless Mathless, C.P.A. (1993), 85 Ohio App.3d 525; Cooter Gell v. Hartmarx Corp. (1990), 496 U.S. 384 (holding that under federal law, a voluntary Rule 41(a) (1) (i) dismissal does not deprive a district court of jurisdiction over a federal Rule 11 motion).
It is apparent from the foregoing that a trial court has jurisdiction to hear a claim for attorney fees based upon alleged violations of Civ. R. 11 or R.C. 2323.51 even after the underlying action giving rise to the claim for attorney fees has been voluntarily dismissed. It is also apparent that a state trial court has jurisdiction to entertain an ERISA-based claim for attorney fees. We are not persuaded that a voluntary dismissal of an action deprives a trial court of its jurisdiction to hear a claim for attorney fees simply because the basis of that claim is found in the ERISA statute, rather than in Civ. R. 11 or R.C.2323.51. Despite the unsupported contention of the petitioners to the contrary, a claim for attorney fees remains collateral to the main action, regardless of the statute or rule that authorizes the prosecution of such a claim. In short, the argument of the petitioners fails to distinguish between the collateral nature of an attorney fees claim and the basis for bringing that claim.
In order to resolve the question of whether Guardian is entitled to attorney fees, it may well be true that the trial court will have to decide whether ERISA has any application to the petitioners' now-dismissed third party claim. However, we fail to see how that makes the claim for attorney fees any less collateral. In virtually any claim for attorney fees, a trial court may have to decide issues that might otherwise have been relevant to the underlying action had it not been dismissed. For example, in order to determine whether a claim asserted in a lawsuit is frivolous for purposes of a Civ. R. 11 or R.C. 2323.51
motion for sanctions, a trial court may have to determine whether that asserted claim is one recognized under Ohio law. That determination also would obviously have had a bearing on the merits of the main action had it not been dismissed. As the trial court noted in concluding that it had jurisdiction to hear Guardian's motion for attorney fees, "[i]f a party could defeat jurisdiction over collateral matters by simply dismissing claims that contained related issues, the retention of jurisdiction for the determination of collateral matters would be pointless. The applicability of Rule 11 sanctions and ERISA attorney fees could never be addressed collaterally." See Decision, Order and Entry (1) Adopting the March 31, 1999 Decision and Entry of Magistrate, [and] (2) Overruling Third Party Plaintiff's Objections to Magistrate's Decision and Entry, at p. 4-5.
We hold that the trial court's exercise of jurisdiction over Guardian's attorney fee claim is not clearly unauthorized by law, that the trial court is not patently and unambiguously without jurisdiction, and that the petitioners have an adequate remedy at law to challenge the trial court's jurisdiction by way of appeal. Accordingly, the petition fails to state a claim upon which relief can be granted. The motion of the respondent, Judge Langer, to dismiss the petition is hereby GRANTED. The petition of the Paysons for a writ of prohibition is hereby DISMISSED with prejudice. Costs shall be assessed against the petitioners.
In its "Memorandum In Opposition to Petition for Alternative Writ of Prohibition," Guardian asserts that the Paysons' petition is frivolous and asks that it be awarded its reasonable attorney fees and expenses incurred in responding to the petition. Guardian seeks those fees pursuant to R.C. 2323.51 or alternatively, pursuant to App. R. 23.
R.C. 2323.51(B) (1) provides that a "court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a partyto the civil action or appeal who was adversely affected by frivolous conduct." (Emphasis added). In their petition, Guardian was not named or identified as a respondent by the Paysons, nor was a summons issued against Guardian. Although Guardian did file a memorandum, it has not been joined as a party in this action and accordingly, attorney fees may not be awarded to Guardian pursuant to R.C. 2323.51.
Appellate R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." The action filed by the Paysons is an original action, not an appeal, and thus, Appellate Rule 23 is inapplicable. Moreover, even if the rule were to apply, Guardian is not a party to the "appeal".
Finally, and in any event, we do not view the action filed by the Paysons to be frivolous. In our view, the argument advanced by the Paysons was simply an attempt to distinguish federal ERISA-based claims for attorney fees from similar claims predicated on Ohio statutes and rules of procedure. To that extent, the Paysons were attempting to frame an issue about what the state of the law is or should be. Although we have found their argument clearly to be without merit, we do not believe it rises to the level of frivolous conduct. Guardian's request for attorney fees is hereby DENIED.
IT IS SO ORDERED.
JAMES A. BROGAN, Judge
WILLIAM H. WOLFF, JR., Judge
FREDERICK N. YOUNG, Judge
Copies mailed by the court to:
Linda S. Holmes
Frank M. Payson
Gregory P. Dunsky
[1] The trial court's docket reflects that the underlying action has now been stayed by the trial court, presumably as a result of the filing of the within petition.