OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellants, Albert C. Nozik and Eleanor S. McDonald n.k.a. Eleanor S. Nozik, appeal a decision of the Painesville Municipal Court denying their motion for sanctions in a case that had been filed by appellee, Anthony Cic, d.b.a. A.B.C. Automotive. The following facts are relevant to a determination of this appeal.
On December 20, 1999, appellee filed a small claims complaint in Painesville Municipal Court against appellants based upon a dispute over repairs that had been made by appellee to appellants' vehicle. On January 19, 2000, the matter proceeded to a hearing before a magistrate. On January 24, 2000, the magistrate issued a decision finding in favor of appellee in the amount of $2,710.68. On the same day, the Painesville trial court judge adopted the magistrate's decision. Then, on January 26, 2000, the magistrate issued a nunc pro tunc decision that included the same outcome but listed both appellants, which was omitted in the first entry. The trial court once again adopted the magistrate's decision.
On March 2, 2000, appellants filed a motion for relief from the Painesville judgment based upon the fact that prior to the filing of appellee's complaint, they had filed a complaint on December 1, 1999, in Mentor Municipal Court based upon the same incident. On March 17, 2000, the Painesville trial court granted appellants' motion for relief from judgment and dismissed the case stating that the entire case should be heard by the Mentor Municipal Court since it was filed there first.
On March 30, 2000, appellants filed a motion for sanctions in the Painesville trial court, claiming that the complaint which had been dismissed in Painesville was frivolous. On April 4, 2000, the Painesville trial court entered a nunc pro tunc judgment entry once again dismissing the case, but now including language that the dismissal was without prejudice. Subsequently, on June 20, 2000, the Painesville trial court overruled appellants' motion for sanctions stating "[t]his Court has no jurisdiction to hear the Motion for Sanctions in the absence of a pending case." From that judgment, appellants timely filed a notice of appeal.
Appellants have set forth a single assignment of error. Appellants contend that the trial court erred in holding that it did not have jurisdiction to conduct a hearing on their motion for sanctions in the absence of a pending case. We agree.
It is well-established that a request for sanctions is collateral to the underlying proceedings and, thus, even after a case has been dismissed, a trial court retains jurisdiction to conduct a hearing and render a decision on a motion for sanctions. Lewis v. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 470; State ex rel. J. Richard Gaier Co.,L.P.A. v. Kessler (1994), 97 Ohio App.3d 782, 785; Schwartz v. Gen. Acc.Ins. of Am. (1993), 91 Ohio App.3d 603, 606. Thus, the Painesville trial court, in the case sub judice, retained jurisdiction to conduct a hearing on appellants' motion.
Additionally, we note that a trial court must conduct a hearing on a motion for sanctions and may not rely exclusively on what has or has not been submitted with the motion itself. Nozik v. Sanson (June 8, 1995), Cuyahoga App. No. 68269, unreported, 1995 WL 350122, at 3, citingPisanick-Miller v. Roulette Pontiac-Cadillac GMC, Inc. (1991),62 Ohio App.3d 757, 760-761. Hence, upon remand, the trial court will need to conduct a hearing on appellants' motion.
Based upon the foregoing analysis, appellants' sole assignment of error is sustained.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 ____________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., concurs in judgment only, NADER, J., concurs.