{¶ 20} I concur with the majority opinion, but write separately to clarify the law pertaining to the application of R.C. 2323.51 to a motion for sanctions filed after a case has been voluntarily dismissed.
 {¶ 21} In Soler, 94 Ohio St.3d 432, although the Supreme Court of Ohio stated that the word "judgment" as used in R.C. 2323.51 means "final appealable order," it used this phrase in the context of a voluntary dismissal. In that case, the plaintiff voluntarily dismissed her action after various defendants were granted summary judgment. Id. at 434. The defendants filed sanction motions within twenty-one days of the voluntary dismissal. Id. The issue before the court was whether the sanction motions should have been filed within twenty-one days of the rulings on the summary judgment motions. Id. The court held that the final judgment in the case occurred when the plaintiff voluntarily dismissed her suit and, therefore, the sanction motions were timely filed. Id. at 436.
 {¶ 22} Indeed, it has been repeatedly recognized that while a voluntary dismissal deprives a trial court of jurisdiction over the matter dismissed, a request for sanctions is a collateral matter over which the court retains jurisdiction. See, e.g., State ex rel. Hummel v.Sadler, Ohio St.3d 84, 89, 2002-Ohio-3605, citing Grossman v. Mathless Mathless C.P.A. (1993), 85 Ohio App.3d 525, 528; Gaier v. Kessler
(1994), 97 Ohio App.3d 782, 784. In Gaier, the court indicated the intent of permitting motions for sanctions to survive voluntary dismissal, stating: "[A] party could force a defendant to expend significant time and money to defend an arguably frivolous action and then dismiss that action just prior to trial with little if any consequence. In that circumstance, the goal of Civ.R. 11 and its statutory counterpart, R.C. 2323.51, which is to prevent parties from using the judicial process to harass one another, would be significantly less achievable." Id. at 785.
 {¶ 23} The result reached by the majority in this case is consistent with the interest in curbing baseless actions and abuse of the judicial system. I concur with the majority decision to remand the matter for consideration by the trial court.