[Cite as *Winona Holdings, Inc. v. Duffey*, 2014-Ohio-519.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| Winona Holdings, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-471 |
| v. | : | (M.C. No. 2009 CVF 52504) |
| Eli J. Duffey, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

### D E C I S I O N

**Rendered on February 13, 2014**

---

*Pope Law Offices, LLC*, and *Gregory S. Pope*, for appellee.

*Rachel K. Robinson*, for appellant.

---

**APPEAL from the Franklin County Municipal Court**

SADLER, P.J.

{¶ 1} Defendant-appellant, Eli J. Duffey, appeals from the judgment of the Franklin County Municipal Court denying his R.C. 2307.61(B) motion for attorney fees. For the following reasons, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} On December 9, 2009, plaintiff-appellee, Winona Holdings, Inc., filed a complaint against appellant in the Franklin County Municipal Court. The complaint alleged that, in 2006, appellant presented Budget Car Sales ("Budget") with a $2,600 check that was later dishonored for insufficient funds. Appellee, claiming to be the assignee of Budget, demanded judgment in the amount of $8,135.28 pursuant to R.C. 2307.60(A)(1) and 2307.61(A)(1) and (2). In the alternative, appellee sought $2,600 in damages under R.C. 1303.54.

{¶ 3} On March 3, 2010, appellee filed a motion for default judgment, and on March 17, 2010, the trial court granted appellee's motion for default judgment and awarded appellee $8,135.28 for the dishonored check. Appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied appellant's motion and appellant, on October 22, 2010, appealed the trial court's decision. On appeal, we reversed the decision of the trial court and remanded the matter for further proceedings. *Winona Holdings, Inc. v. Duffey*, 10th Dist. No. 10AP-1006, 2011-Ohio-3163.

{¶ 4} Subsequent to this matter being remanded to the trial court, on February 14, 2013, appellee filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A). Thereafter, on March 15, 2013, appellant filed a motion for attorney fees as the prevailing party pursuant to R.C. 2307.61. Appellant argued that appellee's voluntary dismissal did not divest the trial court of jurisdiction to consider his motion and that "[i]n addition to prevailing in his appeal, [appellant] prevailed on the merits of [appellee's] Ohio Civil Theft Act claim in that this claim may never be re-filed." (Mar. 15, 2013 Motion, 5.) According to appellant, appellee's complaint was filed after the applicable statute of limitations.

{¶ 5} In response, appellee argued "it is clear that this Court does not have a prevailing party nor the jurisdiction to grant [appellant's] motion." (Mar. 29, 2013 Plaintiff Winona Holdings, Inc.'s Reply to Defendant Eli J. Duffey's Motion for Attorney Fees and Request for Sanctions, 1.) Appellant filed a reply. In denying appellant's motion for attorney fees, pursuant to R.C. 2307.61, the trial court determined it lacked jurisdiction because appellant "has not prevailed and attorney's fees are not a collateral matter under the operation of this statute" and, further, "[e]ven if the Court did have jurisdiction to consider the issue of attorney's fees under R.C. 2307.61, [appellee] voluntarily dismissed the case without prejudice." (May 6, 2013 Decision and Entry, 4.) This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant brings the following assignments of error for our review.

> [I.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT'S MOTION FOR ATTORNEY FEES WAS NOT A COLLATERAL MATTER TO THE MERITS OF APPELLEE'S OHIO CIVIL THEFT ACT CLAIM.

> **[II.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT DID NOT PREVAIL IN HIS DEFENSE OF APPELLEE'S OHIO CIVIL THEFT ACT CLAIM.**

## III. DISCUSSION

{¶ 7} For ease of discussion, we address appellant's assignments of error out of order. In appellant's second assignment of error, he argues "[t]he trial court's holding contravenes the purposes of fee-shifting provisions," and "[t]he trial court erred in not concluding that pursuant to the text of R.C. § 2307.61(B), Appellant prevailed in his defense of Appellee's [Ohio Civil Theft Act] claim." (Appellant's brief, 18, 21.)

{¶ 8} R.C. 2307.61(B) provides, in relevant part:

> If a property owner * * * brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages for willful damage to property or for a theft offense * * * and if the defendant *prevails* in the civil action, the defendant *may* recover * * * reasonable attorney's fees, the cost of defending the civil action, and any compensatory damages that may be proven.

(Emphasis added.)

{¶ 9} As such, pursuant to R.C. 2307.61(B), a defendant cannot be awarded attorney fees unless they are the prevailing party. Black's Law Dictionary 1232 (9th Ed.2009) defines "prevailing party" as "[a] party in whose favor a judgment is rendered." We have previously stated, a "prevailing party" generally is the party in whose favor the verdict or decision is rendered and judgment entered. *Hikmet v. Turkoglu*, 10th Dist. No. 08AP-1021, 2009-Ohio-6477, ¶ 74. "The concept of 'prevailing party' is important because a voluntary dismissal without prejudice in Ohio means that there has been no adjudication on the merits. Further, without an adjudication on the merits, no formal 'prevailing party' exists." *Miami Valley Hosp. v. Payson*, 2d Dist. No. 18736 (Dec. 7, 2001) ("*Payson II*"), citing *Sturm v. Sturm*, 63 Ohio St.3d 671, 675 (1992). Thus, "[a] prevailing party does not exist when a claim is voluntarily dismissed." *Hansel v. Creative Concrete & Masonry Constr. Co.*, 148 Ohio App.3d 53, 60 (10th Dist.2002).

{¶ 10} We first address appellant's assertion that, as a matter of policy, "[t]he trial court's holding contravenes the purposes of fee-shifting provisions." (Appellant's brief,

18.)  Appellant, without citation, asserts R.C. 2307.61(B) is a fee-shifting provision whose "purpose * * * is to provide a remedy to an aggrieved person and to deter unlawful or unwarranted conduct."  (Appellant's brief, 18.)

{¶ 11} Even assuming arguendo that appellant has correctly identified the intended legislative intent behind R.C. 2307.61(B), the record is bereft of any evidence that appellee's claim under R.C. 2307.61(B) was "unlawful or unwarranted."  (Appellant's brief, 18).  Thus, we cannot find that the trial court's holding "contravene[d] the purpose" of R.C. 2307.61(B).

{¶ 12} We next turn our attention to appellant's argument that "[t]he trial court erred in not concluding that pursuant to the text of R.C. § 2307.61(B), Appellant prevailed in his defense of Appellee's [Ohio Civil Theft Act] claim."  (Appellant's brief, 21.)  Appellant asserts, pursuant to the decision of the Second District Court of Appeals in *Miami Valley Hosp. v. Payson,* 2d Dist. No. 17830 (Dec. 17, 1999) ("*Payson I*"), that, although "[a]ppellee voluntarily dismissed its [Ohio Civil Theft Act] claim[,] * * * [l]ike the Second District, this Court should * * * consider the merits of [appellant's] statute of limitations defense."  (Appellant's brief, 25.)  In response, appellee relies upon a subsequent decision in the same line of cases, *Payson II*, for the proposition that "[w]here a claim was filed and dismissed, there can be no prevailing party."  (Appellee's brief, 32.)  We address *Payson I* and *Payson II* in turn.

{¶ 13} In *Payson I*, third-party defendant Guardian filed a motion to dismiss the Paysons' third-party complaint and, in the same motion, sought recovery of its reasonable attorney fees and expenses incurred in defending against the third-party complaint pursuant to the provisions contained in the Employee Retirement Income Security Act ("ERISA").  Subsequently, pursuant to Civ.R. 41(A)(1), the Paysons voluntarily dismissed their third-party complaint against Guardian without prejudice.  The trial court determined that the Paysons' voluntary dismissal of their claim did not divest the trial court of jurisdiction to consider Guardian's claim for attorney fees.  Thereafter, the trial court scheduled a hearing on the issue of attorney fees.  In response, the Paysons filed a petition for a writ of prohibition in the Second District Court of Appeals.  They argued that the trial court lacked jurisdiction to consider Guardian's request for attorney fees, pursuant to ERISA, because the request is not a collateral matter under Ohio law, but,

instead, would require the trial court to determine whether Guardian prevailed on the merits of the ERISA claim.

{¶ 14} In considering the Paysons' petition, the *Payson I* court recognized generally "that '[a] voluntary dismissal under Civ.R. 41(A)(1) deprives the trial court of jurisdiction over the matter dismissed. * * * However, a request for sanctions under Civ.R. 11 is not part of the matter dismissed; it is a demand for relief that is collateral to the claims of the parties and the adjudication of those claims.' " *Id.*, quoting *State ex rel. Gaier Co. v. Kessler*, 97 Ohio App.3d 782, 784-85 (2d Dist.1994). The *Payson I* court reiterated the language of 29 U.S.C. 1132(g)(1) of ERISA, which states: " 'in any action under this title * * * by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.' " *Id.* In rejecting the Paysons' petition, the *Payson I* court concluded, "[w]e are not persuaded that a voluntary dismissal of an action deprives a trial court of its jurisdiction to hear a claim for attorney fees simply because the basis of that claim is found in the ERISA statute, rather than in Civ.R. 11 or R.C. 2323.51" and determined that "a claim for attorney fees remains collateral to the main action, regardless of the statute or rule that authorizes the prosecution of such a claim." *Id.*

{¶ 15} Thereafter, the matter was remanded to the trial court for the magistrate to make a finding regarding the appropriate award of attorney fees. The trial court affirmed the magistrate's decision which awarded third-party defendant, Guardian, attorney fees. The Paysons timely appealed from the trial court's decision. In *Payson II*, the Second District noted an exception to its prior generalization from *Payson I* that all claims for attorney fees are collateral claims independent of the merits of the claim. The *Payson II* court stated:

> The concept of "prevailing party" is important because a voluntary dismissal without prejudice in Ohio means there has been no adjudication on the merits. * * * Further, without an adjudication on the merits, no formal "prevailing party" exists. * * * Consequently, Guardian's ability to recover attorney fees depends on whether the statute authorizing fees requires an applicant to be a prevailing party.

*Id.*  The *Payson II* court went on to state that, "unlike other fee-shifting statutes * * *, the term 'prevailing party' is 'conspicuously absent' from [ERISA]."  *Id.*

{¶ 16}  We find the *Payson* line of cases distinguishable from the present case.  Unlike the ERISA statute at issue there, R.C. 2307.61(B) requires a party to *prevail* as a prerequisite to the award of attorney fees.   Here, appellant asserts the trial court incorrectly determined that he was not a prevailing party.

{¶ 17}  In determining the interpretation of "prevail" in the context of R.C. 2307.61(B), we find our decision in *Hansel* instructive.  In *Hansel*, relevant to this appeal, the plaintiffs filed a claim alleging that the defendant violated the Ohio Consumer Sales Practice Act, as memorialized in R.C. 1345.09.   However, prior to trial, the plaintiffs voluntarily dismissed their R.C. 1345.09 claim.  Thereafter, the defendant "filed a motion for attorney fees pursuant to R.C. 1345.09(F)(1), which authorizes, in certain circumstances, an attorney fees award to the *prevailing* party."  (Emphasis added.)  *Id.* at 55.  The trial court denied the defendant's motion for attorney fees, and on appeal, we concluded the defendant "was not entitled to attorney fees under R.C. 1345.09(F)(1) because there was no [R.C. 1345.09] claim, and thus no prevailing party, once such claim was voluntarily dismissed."  *Id.* at 60.  As such, we held, "[a] prevailing party does not exist when a claim is voluntarily dismissed."  *Id.*

{¶ 18}  Appellant contends *Hansel* is contrary to the Sixth Circuit Court of Appeals' holding in *Pavlovich v. Natl. City Bank*, 461 F.3d 832 (6th Cir.2006), and urges us not to follow *Hansel* and asserts *Pavlovich* should govern this case.  In *Pavlovich*, the plaintiff asserted multiple claims, two of which were brought pursuant to "Ohio's applicable civil RICO statute, [R.C. 2923.34(H)]."  *Id.* at 834.  The plaintiff subsequently amended her complaint to voluntarily withdraw the two RICO claims.  Five other claims remained.  The defendant filed for summary judgment on the remaining claims and the trial court granted summary judgment on those claims, but also deemed the two previously withdrawn RICO claims to be barred by the doctrine of res judicata for purposes of future litigation.  Pursuant to the Ohio RICO statute, a prevailing party may be awarded attorney fees.  Thereafter, the defendant filed for attorney fees as the prevailing party, and the trial court "concluded that the [defendant] was a prevailing party within the meaning of the

statute" and awarded attorney fees to the defendant.  *Id.* at 836.  Plaintiff appealed the trial court's award of attorney fees.

{¶ 19} On appeal, the plaintiff in *Pavlovich* argued that, because the Ohio RICO claim was dismissed without prejudice and, therefore, did not constitute an adjudication on the merits, the defendant could not be considered a prevailing party.  The Sixth Circuit disagreed and held the trial court's decision was an adjudication on the merits, and, therefore, the defendant was a prevailing party as contemplated by the Ohio RICO statute.

{¶ 20} Having examined the facts of both *Hansel* and *Pavlovich*, we find the instant case in accord with *Hansel* and distinguishable from *Pavlovich*.  Here, as in *Hansel*, appellee voluntarily dismissed his claims without prejudice prior to the issuance of any judgment by the trial court on the merits of his claims.[1]  Thus, consistent with *Hansel,* appellant cannot be considered a prevailing party, as contemplated in R.C. 2307.61(B).  Because R.C. 2307.61(B) requires a party prevail on the merits before attorney fees may be awarded and we have determined no prevailing party exists in this case, we find the trial court did not err in denying appellant's R.C. 2307.61(B) motion for attorney fees*.*

{¶ 21} Accordingly, appellant's second assignment of error is overruled.

{¶ 22} Our disposition of appellant's second assignment of error renders appellant's first assignment of error moot.

## IV.  CONCLUSION

{¶ 23} For the foregoing reasons, appellant's second assignment of error is overruled, and appellant's first assignment of error is rendered moot.  The judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____

---

[1] Based on a federal judgment issued in his favor, appellant asks this court to hold that he is a prevailing party under the doctrine of res judicata.  On review of the record, appellant did not raise the affirmative defense of res judicata below.  Thus, even if the record supported appellant's assertion that there is a federal judgment which effects this case, which we are not declaring it does, we will not consider such argument for the first time on appeal.  *Chase Home Fin., LLC v. Mustafa,* 10th Dist. No. 11AP-846, 2012-Ohio-3764, ¶ 13.