[Cite as *J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 2014-Ohio-1963.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

J&H Reinforcing & Structural Erectors, Inc., :

        Plaintiff-Appellee,       :           No. 13AP-732

                               (Ct. of Cl. No. 2010-07644)

v.                             :

                               (REGULAR CALENDAR)

Ohio School Facilities Commission,   :

        Defendant-Appellant.     :

---

# D E C I S I O N

## Rendered on May 8, 2014

---

*Kegler, Brown, Hill + Ritter Co., LPA, Donald W. Gregory, Michael J. Madigan*, and *Timothy A. Kelley*, for appellee.

*Michael DeWine*, Attorney General, *James E. Rook*, and *David A. Beals*, for appellant.

---

APPEAL from the Court of Claims of Ohio.

BROWN, J.

{¶ 1} Ohio School Facilities Commission ("OSFC"), plaintiff-appellant, appeals from a judgment of the Court of Claims of Ohio, in which the court granted the motion for costs filed by J&H Reinforcing & Structural Erectors, Inc. ("J&H"), defendant-appellee.

{¶ 2} In 2006, J&H was awarded a contract to perform site preparation, general trades work, masonry, and interior casework for a project involving the construction of a school in the Wheelersburg Local School District ("Wheelersburg"). A dispute arose between the parties.

{¶ 3} On May 28, 2010, J&H filed an action in the Court of Claims against OSFC for breach of contract, equitable adjustment to the contract, and breach of express and implied warranties. J&H sought damages for delays and other problems caused by OSFC

during the course of the school construction project. OSFC filed a counterclaim for breach of contract and breach of warranties seeking damages for J&H's allegedly defective and incomplete work on the project.

{¶ 4} An appointed referee oversaw the trial in November and December 2011. The referee issued a decision on February 10, 2012, finding in favor of J&H on its claim for breach of contract, including additional claims of equitable adjustment and breach of warranties, and awarded J&H damages. The referee also found in favor of OSFC on its counterclaim for breach of contract, including the additional claim of breach of warranty, and awarded OSFC damages as well. The referee recommended that the award to J&H be offset by the award to OSFC, resulting in a net award to J&H in the amount of $778,899.33, plus prejudgment interest and costs of the action. The referee found that, because the contract rate was not stipulated, such rate would be determined at a subsequent proceeding and the court would thereafter issue a final judgment in the case.

{¶ 5} Both parties filed objections to the referee's decision, pursuant to Civ.R. 53, as set forth in R.C. 2743.03(C). On March 14, 2012, J&H filed a motion for costs. OSFC filed a memorandum contra, in which it claimed J&H's motion for costs was out of rule because the trial court had not yet ruled on the objections and, thus, there was not yet a final judgment in the case. On June 6, 2012, the trial court issued a judgment overruling the parties' objections. The trial court rendered judgment in favor of J&H. The court also awarded prejudgment interest in an amount to be determined at a "subsequent proceeding" and found that, "[i]nasmuch as OSFC prevailed on the counterclaim and because an appeal of the court's decision is a virtual certainty, the motion for costs shall be HELD in abeyance until such time as costs can be fairly assessed." OSFC appealed the court's decision, and J&H filed a cross-appeal.

{¶ 6} On May 7, 2013, this court sua sponte stayed the matter pending the trial court's determination of the prejudgment interest issue. On July 25, 2013, the trial court filed a judgment entry in favor of J&H for $68,801.43 in prejudgment interest. The court also found it was the appropriate time to rule on J&H's motion for costs and awarded J&H $7,197.17 in costs ($14,394.33 in total litigation costs divided evenly because both parties prevailed at trial and both parties appealed). We issued a decision in *J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 12AP-588, 2013-Ohio-3827 ("*J&H I*"), regarding the original June 6, 2012 appeal. OSFC

now appeals the trial court's July 25, 2013 judgment, asserting the following four assignments of error:

> [I.] The Court of Claims lacked jurisdiction to decide the question of court costs when the court of appeals remanded the case for the sole purpose of addressing the question of prejudgment interest and the appeal had yet to be resolved.
>
> [II.] The Court of Claims erred by awarding costs to one party when both parties prevailed at trial and before a final appealable order was in place.
>
> [III.] The Court of Claims erred by awarding costs to one party when both parties prevailed on their claims.
>
> [IV.] The Court of Claims erred by awarding costs not permitted by statute or Rule of Superintendence of Court.

{¶ 7} OSFC argues in its first assignment of error that the trial court lacked jurisdiction to decide the question of court costs when the court of appeals remanded the case for the sole purpose of addressing the question of prejudgment interest when the appeal had yet to be resolved. We first note that OSFC failed to cite to any authority in support of its first assignment of error. Where a party fails to cite authority in support of an assignment of error, the court may disregard the assigned error under App.R. 16(A)(7) and 12(A)(2). It is the duty of the appellant, not the court, to affirmatively and expressly demonstrate that an assignment of error is supported by citation to legal authority. *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 19.

{¶ 8} Notwithstanding, even considering the merits of the assignment of error, OSFC's argument still fails. OSFC puts forth two primary contentions: (1) the trial court did not have jurisdiction to decide costs because this court remanded the case for the sole purpose of addressing prejudgment interest, and (2) the trial court could not address costs until after the appeal concluded. However, OSFC confuses the procedural nature of the course of events. The journal entry issued by this court on May 7, 2013 explicitly stated the proceedings were "stayed." Therefore, this court did not "remand" the matter to the trial court. To remand is to send a case back to the court from which it came for further proceedings. Black's Law Dictionary 1293 (6th Ed.1990). In contrast, a stay is either (1) the postponement or halting of a proceeding, judgment or the like, or (2) an order to suspend all or part of a judicial proceeding or a judgment resulting from that

proceeding. Black's Law Dictionary at 1413. Remand mandates further action by one court, while saying nothing of the other. A stay mandates inaction by one court, while saying nothing of the other.

{¶ 9} Thus, there is a procedural distinction between the effect of remand and the effect of a stay. When a case is remanded from a final judgment, the court of appeals returns the case to the trial court and has completed its proceedings. When an appellate court stays the appeal under its review pending necessary action by the trial court, it is not returning the case to the trial court. It is effectively a notification that the court of appeals is suspending its proceeding to allow the trial court to take further action.

{¶ 10} In addition, while the entry issued by this court specifically mentioned a determination of prejudgment interest, the entry was not a remand order for specific execution under App.R 27. This court gave no indication that the case was being remanded. To the contrary, the judgment entry issued by this court stated explicitly the appeal was stayed. Because the action was stayed, the trial court's decisions during that stay were not subject to the limitations of a remand order for specific execution.

{¶ 11} Furthermore, "[w]hen a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15 (1996). So long as the court does not violate that rule, it is not required to wait until an appeal runs its course before taking action.

{¶ 12} Other districts have held that " 'the decision to grant a motion for costs and attorney fees to be paid by appellant does not interfere with the power of the appellate court to review the judgment under appeal and affirm, reverse or modify it.' " *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 596 (8th Dist.1994), quoting *Wilson v. LTV Steel Co., Inc.*, 8th Dist. No. 59515 (June 11, 1992). If the determination of costs is not directly related to the area or issues on appeal, a trial court's award of costs pending appeal is not improper or without jurisdiction. *Kane v. Ford Motor Co.*, 17 Ohio App.3d 111, 116 (8th Dist.1984).

{¶ 13} In the present case, the issues on appeal in *J&H I* involved the substantive arguments on the merits of the contract dispute contested at trial. The trial court entered judgment. The trial court's award of costs did not interfere with the issues before the court on appeal. Therefore, the trial court retained jurisdiction to decide costs despite the

pendency of appeal. For all of the foregoing reasons, OSFC's first assignment of error is overruled.

{¶ 14} OSFC argues in its second assignment of error that the trial court erred by awarding costs to one party when both parties prevailed at trial and before a final appealable order was in place. OSFC asserts that the trial court ruled on J&H's motion for costs prematurely because J&H's motion for costs was filed (1) before objections to the referee's decision were complete, (2) before such objections were ruled upon by the trial court, and (3) before there was a final, appealable order in place from which to award costs of any nature. OSFC maintains that the trial court should have denied J&H's motion because it was premature.

{¶ 15} We find OSFC's arguments moot at this stage of the proceedings, and we fail to see how OSFC has been prejudiced. *See VanMeter v. VanMeter*, 10th Dist. No. 03AP-1107, 2004-Ohio-3390, ¶ 5 (actions become moot when resolution of the issues presented will have no practical effect on the legal relations between the parties). After the trial court addressed the parties' objections and adopted the referee's decision, the trial court did not immediately rule on the motion for costs but deferred ruling on the motion. Furthermore, this court has already affirmed the trial court's judgment with regard to the underlying merits. Therefore, when J&H filed its motion for costs is irrelevant now, and no prejudice resulted from the timing of its filing. We also note that, despite OSFC's contention that the trial court deviated from its June 6, 2012 judgment because it ruled on the motion for costs before the appeal of the merits had been ruled upon, the judgment does not explicitly indicate that it would not address costs until after an appeal was ruled upon. The trial court merely indicated that a ruling on costs would be held in abeyance until costs "can be fairly assessed." In its discretion, the trial court could have, as it did, found it appropriate to rule on costs in its July 25, 2012 judgment. Therefore, OSFC's second assignment of error is overruled.

{¶ 16} OSFC argues in its third assignment of error that the trial court erred by awarding costs to one party when both parties prevailed on their claims. OSFC cites to no authority in support of its third assignment of error. As already explained, when a party fails to cite to authority in support of an assignment of error, the court may disregard the assignment in its entirety. App.R 16(A)(7) and 12(A)(2).

{¶ 17} Nevertheless, OSFC contends that costs could not be "fairly assessed" during the stay because, at the time of the stay and the trial court's judgment, this court had not decided the appeal of the underlying merits, so whether either party remained a prevailing party had yet to be determined. However, as with OSFC's second assignment of error, OSFC's argument here is moot at this stage of the proceedings. This court affirmed the trial court's judgment on the underlying merits in *J&H I*; thus, at that point, the parties stood in the same position they did at the time the trial court addressed costs. That is, both parties prevailed on certain claims.

{¶ 18} Costs are allowed to the prevailing party in a suit unless the court otherwise directs. Civ.R 54(D). "A 'prevailing party' generally is the party in whose favor the verdict or decision is rendered and judgment entered." *Winona Holdings, Inc. v. Duffey*, 10th Dist. No. 13AP-471, 2014-Ohio-519, ¶ 9, quoting *Hikmer v. Turkoglu*, 10th Dist. No. 08AP-1021, 2009-Ohio-6477, ¶ 74. A court retains the discretion to require a prevailing party to bear all, or part, of its own costs. *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555 (1992). Here, the trial court took the fact that both parties prevailed into account in awarding costs. In its judgment, the trial court reasoned that, because "both parties prevailed at trial and both parties have appealed this case to the Tenth District Court of Appeals, the costs shall be divided evenly between the parties." Furthermore, even though both parties prevailed at trial, the trial court was well within its discretion to award costs to J&H as the prevailing party, as J&H was granted a net award of $778,924.33 after setting off J&H's award on its claims by OSFC's award on its counterclaim. It is also worthy to note that OSFC never filed a motion for costs. Despite OSFC's failure to file a motion for costs, the court acknowledged that OSFC prevailed on its counterclaim by reducing the costs awarded to J&H. Therefore, the court did not abuse its discretion in awarding half of the costs requested by J&H, even when both parties prevailed. OSFC's third assignment of error is overruled.

{¶ 19} OSFC argues in its fourth assignment of error that the trial court erred by awarding costs not permitted by statute or a Supreme Court superintendence rule. Specifically, OSFC contends the trial court was not permitted to award J&H its costs for buying deposition and trial transcripts. However, OSFC never raised this argument before the trial court. Accordingly, the trial court never had the opportunity to address OSFC's arguments. Issues that could have been raised and resolved in the trial court

cannot be raised for the first time on appeal. *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342 (1987). Thus, issues not raised in the trial court are forfeited on appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 21-23.

{¶ 20} In the present case, OSFC filed a memorandum contra J&H's motion for costs on March 28, 2012, but never raised whether the costs were permitted by statute or a Supreme Court superintendence rule. OSFC contested only the timeliness of the motion for costs. In its memorandum contra, OSFC did request that, if the court determined that J&H's request for costs was timely, the trial court give it an opportunity to respond to J&H's legal arguments. However, the trial court never granted such request. In its June 6, 2012 judgment entry, the trial court merely stated it was holding the motion for costs in abeyance until such time as costs could be fairly assessed. Thus, the trial court never indicated that it would alert OSFC when it would address the motion for costs so that it could first file a supplemental memorandum contra and did not specifically grant OSFC's request to file a response to the merits at a later date. Furthermore, OSFC never filed a supplemental memorandum contra in the 16 months between its memorandum contra and the trial court's decision. We also note that, while we acknowledge that there may exist potential arguments regarding the specific costs awarded by the trial court, because the court awarded only half of the requested costs and both parties were given the opportunity to raise any arguments regarding the specific costs, we also can find no plain error with the trial court's award and find substantial justice was done. Therefore, OSFC's fourth assignment of error is overruled.

{¶ 21} Accordingly, OSFC's four assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

_____