[Cite as *Miller v. Evans*, 2015-Ohio-4571.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ROBERT MILLER | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA00042 |
| | : | |
| NANCY EVANS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County
                                 Court of Common Pleas,
                                 Domestic Relations Division,
                                 Case No. 2014DR00566



JUDGMENT:                        REVERSED AND REMANDED



DATE OF JUDGMENT ENTRY:          November 2, 2015



APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

CRAIG T. CONLEY                           WARNER MENDENHALL
604 Huntington Plaza                      190 N. Union St., Ste. 201
220 Market Ave. South                     Akron, OH 44304
Canton, OH 44702

*Delaney, J.*

{¶1}  Defendant-appellant Nancy Evans ("Evans") appeals from the February 18, 2015 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.  Plaintiff-appellee is Robert Miller ("Miller").

## FACTS AND PROCEDURAL HISTORY

{¶2}  This case is related to but not consolidated with *Robert Miller v. Nancy Evans*, 5th Dist. Stark No. 2015CA00044.  In that case, Miller is the appellant and Evans the appellee.  The two appeals arise from the same underlying case and raise different but related assignments of error.  The facts and procedural histories are therefore identical but we will address each appeal in a separate opinion.  The parties agree upon the following relevant facts and procedural history.

{¶3}  In August 2013, Miller executed a Power of Attorney giving his daughter, attorney Bobbie L. Marsh, fiduciary power to transact business on his behalf.

{¶4}  On May 27, 2014, Miller filed a complaint for divorce against his wife, Evans.[1]   Evans filed a counterclaim for divorce against Miller.[2]

{¶5}  In September 2014, Evans moved the trial court to determine the validity of the Power of Attorney.  On October 22, 2014, Miller dismissed his complaint pursuant to Civ.R. 41(A)(1).[3]

---

[1] Miller was represented by attorney Susan Pucci Sutton.
[2] Evans was represented by attorney Arnold F. Glantz.
[3] The dismissal was filed by attorney Craig Conley.

{¶6} On January 8, 2015, Evans voluntarily dismissed her counterclaim pursuant to Civ.R. 41(A)(1).

{¶7} On January 9, 2015, the trial court entered a Judgment Entry stating in pertinent part:

* * * *.

Findings of Fact:

Ms. Marsh was properly served by subpoena on December 4, 2014 and failed to appear. She demands witness fees paid in advance. Mr. Glantz argues that Ms. Marsh is a party as she filed, through alleged power of attorney, filed (*sic*) the initial complaint that brought this matter to court. While Ms. Marsh's actions in this case are found to be contrary to behavior expected of an attorney in this state (*sic*).

Order:

The power of attorney was not valid when this case or the domestic violence case were filed. Case number 2014DV00051 is ordered sealed. [Evans] moves to voluntarily dismiss her counterclaim. Case number 2014DR00566 is also ordered sealed.

* * * *.

{¶8} On January 20, 2015, attorney Marsh moved to strike the following language from the court's Judgment Entry of January 9: "While Ms. Marsh's

actions in this case are found to be contrary to behavior expected of an attorney in this state (*sic*)."[4]

{¶9}  On February 9, 2015, Evans moved for sanctions against Miller's counsel pursuant to Civ.R. 11 and R.C. 2323.51 on the basis of the trial court's finding that the Power of Attorney was not valid.[5]  Both attorneys responded with memoranda in opposition.

{¶10} On February 18, 2015, the trial court filed a Judgment Entry stating in pertinent part:

> * * * *.
>
> Findings of Fact:
>
> This case was closed on January 9, 2015 after the court found that the Power of Attorney was not valid and upon the dismissal of [Evans'] counterclaim for divorce. [Miller] previously dismissed his Complaint for divorce.
>
> The Court was informed that there have been numerous filings since the closing of the case.  None of these filings appropriately opened a closed domestic relations case and therefore the court does not have jurisdiction to address same.
>
> Order:

---

[4] Attorney Craig Conley filed the motion to strike on behalf of attorney Marsh.
[5] The motion for sanctions was filed by attorney Warner Mendenhall on behalf of Evans and was served upon attorneys Susan Pucci Sutton and Craig Conley.

All outstanding motions dismissed for lack of jurisdiction.

* * * *.

{¶11} In the instant appeal, Evans appeals from the trial court's Judgment Entry of February 18, 2015, arguing the motion for sanctions survived the dismissal and the trial court should have held a hearing thereon.

{¶12} In the related appeal, Miller appeals from the trial court's judgment entries of January 9 and February 18, 2015, arguing the trial court lacked jurisdiction to issue either order because the case was dismissed in its entirety as of January 8, 2015.

{¶13} Evans raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE DOMESTIC RELATIONS COURT DEPRIVED NANCY EVANS OF HER RIGHTS TO DUE PROCESS WHEN IT DISMISSED HER MOTION FOR SANCTIONS WITHOUT A HEARING."

**ANALYSIS**

{¶15} Evans argues the trial court erred in dismissing the motion for sanctions. Miller agrees the trial court retained jurisdiction to decide the motion for sanctions but argues a hearing on the motion is not necessarily required. We agree with Miller and remand this matter to the trial court to determine the motion for sanctions.

{¶16} "* * * [A] sanction issue is a collateral issue to the underlying proceedings." *Barbato v. Mercy Med. Ctr.*, 5th Dist. Stark No. 2005 CA 00044,

2005-Ohio-5219, ¶ 29. If a motion for sanctions is before the court, the motion may still be ruled upon even if the matter is voluntarily dismissed. Id. at ¶ 32, citing *Lewis v. Celina Financial Corp.,* 101 Ohio App.3d 464, 655 N.E.2d 1333 (3rd Dist.1995).

{¶17} Allowing the trial court to resolve collateral matters in circumstances such as these effectively provides a remedy for abuse of process. Trial courts may consider collateral issues like criminal contempt and Civ.R. 11 sanctions despite a dismissal. *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, 673, ¶ 5 (2003), citing *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 23; see also, *State ex rel. Fifth Third Mtge. Co. v. Russo,* 129 Ohio St.3d 250, 2011–Ohio–3177, 951 N.E.2d 414, ¶ 13. To hold otherwise would effectively leave an alleged aggrieved party without a remedy to pursue a claim for frivolous conduct. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶¶ 20-21, citing *State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler*, 97 Ohio App.3d 782, 785, 647 N.E.2d 564 (2nd Dist.1994). "Absent such a result, a party could force a defendant to expend significant time and money to defend against an arguably frivolous action and then dismiss that action just prior to trial with little if any consequence. In that circumstance, the goal of Civ.R. 11 and its statutory counterpart, R.C. 2323.51, which is to prevent parties from using the judicial process to harass one another, would be significantly less achievable." *Kessler*, supra, 97 Ohio App.3d at 566.

{¶18} Evans further argues the trial court must resolve the motion with a hearing; Miller disagrees. We note a hearing is required only under certain circumstances. It has been uniformly held that a hearing on a motion for sanctions under R.C. 2323.51(B)(2) is only required when the trial court grants the motion. *Galena v. Delaware Cty. Regional Planning Comm.*, 5th Dist. Delaware No. 2011-CAE-07-0068, 2012-Ohio-182, ¶ 28 (Delaney, J. dissenting), citing *Shields v. City of Englewood,* 172 Ohio App.3d 620, 2007–Ohio–3165, 876 N.E.2d 972 (2nd Dist.); *McKinney v. Aultman Hosp.*, 5th Dist. Stark No. CA-8603, unreported, 1992 WL 100451 (Apr. 27, 1992); *McPhillips v. United States Tennis Assoc. Midwest,* 11th Dist. Lake No. 2006–L–235, 2007–Ohio–3595; *Avon Poured Wall, Inc. v. Boarman,* 9th Dist. Lorain No. 04CA008448, 2004–Ohio–4588; *Coretext Ltd. v. Pride Media Ltd.,* 10th Dist. Franklin No. 02AP–1284, 2003–Ohio–5760. A trial court must schedule a hearing only on those motions which demonstrate arguable merit; if the trial court determines there is no basis for the imposition of sanctions, it may deny the motion without hearing. Id. at ¶ 12. Such a determination is subject to the sound discretion of the trial court. Id. at ¶ 15.

{¶19} To the extent that we find the trial court retained jurisdiction over the motion for sanctions, Evans' sole assignment of error is sustained and the matter is remanded to the trial court to rule upon the motion. We further note the trial court must schedule a hearing on the motion for sanctions only if, within the court's discretion, the motion demonstrates arguable merit.

**CONCLUSION**

{¶20} Evans' sole assignment of error is sustained and the matter is remanded to the Stark County Court of Common Please, Family Court Division, for further proceedings in accord with this opinion.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.