*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0178p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LAUREN M. PAVLOVICH,

*Plaintiff-Appellant,*

*v.*

No. 05-4037

NATIONAL CITY BANK,

*Defendant- Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-01120—Solomon Oliver, Jr., District Judge.

Submitted: April 5, 2006

Decided and Filed: April 5, 2006[*]

Before: MERRITT, MARTIN, and COLE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Angela M. Privitera, Peter A. Hessler, WEGMAN, HESSLER & VANDERBURG, Cleveland, Ohio, for Appellant. John M. Newman, Jr., Geoffrey J. Ritts, James P. Burke, JONES DAY, Cleveland, Ohio, for Appellee.

_____

### OPINION

_____

MERRITT, Circuit Judge. The sole issue before us is whether the District Court abused its discretion in awarding attorney's fees and costs pursuant to Ohio's applicable civil RICO statute, Ohio Rev. Code Ann. § 2923.34(H). We hold that the District Court did not abuse its discretion and affirm the award.

### I. Background

The underlying facts of this case are recounted in our previous opinion, *Pavlovich v. Nat'l City Bank*, 435 F.3d 560 (6th Cir. 2006). In short, Ms. Pavlovich sued National City Bank ("the Bank") to recover funds lost through failed investments that the Bank administered but did not direct. Two years later, with the Bank's written consent, Ms. Pavlovich amended her complaint

---

[*] This decision was originally issued as an "unpublished decision" filed on April 5, 2006. The court has now designated the opinion as one recommended for full-text publication.

under Fed. R. Civ. P. 15(a) to dismiss voluntarily two of her seven counts — both of which apparently were identical and alleged violations of Ohio's civil RICO provisions.[1]  The District Court subsequently granted the Bank's motion for summary judgment as to all remaining claims, and we affirmed in our aforementioned decision.  The Bank filed a motion for attorney's fees and costs pursuant to § 2923.34(H).  The District Court granted that motion, awarded $36,908.15, and Ms. Pavlovich now appeals that award.

## II. Standard of Review

Applying Ohio law, we review a district court's grant of attorney's fees and costs under § 2923.34(H) for abuse of discretion.  *Patton v. Wilson*, No. 82079, 2003 WL 21473566, at *5 (Ohio Ct. App. June 26, 2003) (unpublished); *Sheets v. Carmel Farms, Inc.*, Nos. 96APE09-1224 & 96APE09-1225, 1997 WL 303760, at *10 (Ohio Ct. App. June 5, 1997) (unpublished).  The Ohio Supreme Court has described a particularly strong form of discretion, as follows:

> An abuse of discretion involves far more than a difference in opinion.  The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.  In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

*Huffman v. Hair Surgeon, Inc.*, 482 N.E.2d 1248, 1252 (Ohio 1985) *quoted in Patton*, 2003 WL 21473566, at *5.

## III. Analysis

Section 2923.34(H) allows a trial court to grant a prevailing defendant attorney's fees and costs in an Ohio civil RICO action:

> Upon application, based on the evidence presented in the case by the plaintiff, as the interests of justice may require, the trial court may grant a defendant who prevails in a civil action brought pursuant to this section all or part of the defendant's costs, including the costs of investigation and litigation reasonably incurred, and all or part of the defendant's reasonable attorney fees, unless the court finds that special circumstances, including the relative economic position of the parties, make an award unjust.

Ms. Pavlovich offers various reasons why the District Court abused its discretion in awarding attorney's fees and costs.  We address each of her contentions in turn.

---

[1] In a footnote in her final brief, Ms. Pavlovich asserts that equating the voluntarily dismissed counts, Count Five ("Participation in an Enterprise Through a Pattern of Corrupt Activity") and Count Six ("Participation in a Civil Conspiracy"), is "obvious error."  (Pavlovich Final Brief at 4 n.1.)  The District Court found the two claims to be identical, and it is far from obvious to us that this characterization was erroneous.  Count Five alleged that the Bank participated in "a pattern of corrupt activity" for several nefarious purposes, while Count Six similarly asserted that the Bank acted and conspired with various others to participate "in a pattern of related activities" for what appear to be the same aims.  Moreover, § 2923.34(B) authorizes a civil action for conspiracy to violate the Ohio RICO provisions.  Accordingly, Ms. Pavlovich has fallen short of convincing us that the District Court abused its discretion in equating Counts Five and Six.

## A. "Prevailing Party"

Ms. Pavlovich's most compelling, but ultimately unpersuasive, argument is that the voluntary withdrawal of her Ohio RICO claim prevents the Bank from being considered a "prevailing party" within the meaning of the statute. According to her, the Ohio RICO claim was dismissed without prejudice and, therefore, without an adjudication on the merits, the Bank cannot be considered a prevailing party.

In rejecting this theory, the District Court first determined that her Rule 15(a) amendment operates similarly to a Rule 41(a)(1) voluntary dismissal without prejudice. It then addressed whether its grant of summary judgment to the Bank on all remaining claims barred as a matter of res judicata subsequent litigation of her RICO claim, and applied our Court's four-factor test:

> A claim is barred by the res judicata effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)). The District Court found (1) its grant of summary judgment to be a final decision on the merits, (2) a subsequent RICO action would be between the same two parties, (3) the RICO claim should (or could) have been brought in the earlier lawsuit, and (4) there would be an identity of the causes of action because they seek recovery for the same injury based on the same facts. The Court concluded that res judicata barred later litigation of the RICO claim and, therefore, treated Ms. Pavlovich's withdrawal of the claim as having been dismissed with prejudice. It distinguished *Sturm v. Sturm*, 590 N.E.2d 1214, 1217 (Ohio 1992), which stated that "there is no prevailing party, since a voluntary dismissal without prejudice is not an 'adjudication upon the merits' pursuant to Civ. R. 41(A)(1)," on the grounds that the res judicata effect of summary judgment in the instant case rendered the voluntary dismissal a dismissal with prejudice, and *Sturm* involved voluntary dismissal of an entire *action* not simply of one of several *claims*. It noted that, in *Schultz v. Hembree*, 975 F.2d 572 (9th Cir. 1992), the Ninth Circuit implicitly considered a similarly situated defendant to be a prevailing party under Ohio Rev. Code Ann. § 2923.34(H). The District Court concluded that the Bank was a prevailing party within the meaning of the statute.

We find no abuse of discretion in the District Court's analysis or conclusion.

## B. "Evidence Presented by the Plaintiff"

Ms. Pavlovich next argues that § 2923.34(H) requires an award to be made "based on the evidence presented in the case by the plaintiff," and, because she presented no evidence on her RICO claim and in fact withdrew it, the award was improper. In effect, she posits that § 2923.34(H) immunizes from an award all plaintiffs who fail to present any evidence whatsoever to support their RICO claim. This argument is palpably nonsensical, and we wholly concur with the District Court's statement that, "under any reasonable interpretation, Plaintiff's argument is without merit."

## C. Other Arguments

Ms. Pavlovich suggests that the Bank's motion for fees and costs was not timely because the motion was not filed within fourteen days of the voluntary dismissal of that claim. Fed. R. Civ. P. 54(d)(2)(B) provides that such a motion "must be filed no later than 14 days after entry of judgment." Rule 54(a) defines "judgment" as including "any order from which an appeal lies" and "posits a relationship between a judgment and its appealability." *Castro County, Texas v. Crespin*, 101 F.3d 121, 128 (D.C. Cir. 1996). "A voluntary dismissal *without prejudice* is ordinarily *not* a

final judgment from which the plaintiff may appeal." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (emphasis in original). In *Crespin*, 101 F.3d at 128, the D.C. Circuit held that a voluntary dismissal without prejudice was not a "judgment" triggering the fourteen-day filing requirement. The District Court in the instant case reached the same conclusion and determined that the Bank was required to file its motion for attorney's fees within fourteen days from the date of the Court's order granting summary judgment. Since the Bank did so, the District Court held that the Bank's motion was timely. The District Court did not abuse its discretion on this issue.

Ms. Pavlovich also argues that her good faith in bringing the RICO claim and the relative economic position of the parties make the award unjust. Section 2923.34(H) allows a court to find that "special circumstances, including the relative economic position of the parties, make an award unjust." The District Court noted, however, that § 2923.34(H) does not require a plaintiff's bad faith and that Ms. Pavlovich, though a retired school teacher, is apparently a millionaire. The Court concluded that requiring Ms. Pavlovich to pay the *pro rata* share of fees attributable to the RICO claim would not be unjust. That conclusion was not an abuse of discretion.

The final argument espoused by her is that the District Court unfairly inflated the amount of the award. She claims that the Bank's "counsel spent only a combined total of 17 hours of time addressing the [RICO] claim in *both*" her case and her sister's companion case, totaling $2,860.00. (Pavlovich Final Brief at 25 n.7.) The District Court arrived at its award by first calculating the total number of attorney's fees and costs incurred by the Bank as of the date of the withdrawal of the RICO claim — $221,448.93. It then divided that sum by six, the total number of counts brought by Ms. Pavlovich if Counts Five and Six are considered to be identical RICO claims, and awarded the Bank $36,908.15. The District Court justified this amount by relying on the Ninth Circuit's interpretation of § 2923.34(H) that "the prevailing party may recover that amount in fees it would have incurred had the shifting claims been litigated by themselves." *Schultz v. Hembree*, 975 F.2d 572, 577 (9th Cir. 1992). The District Court did not abuse its discretion in awarding this sum.

Having found that the District Court did not abuse its discretion in awarding attorney's fees and costs under § 2923.34(H), we affirm the judgment of the District Court.