[Cite as *State ex rel. Squire v. Phipps*, 2023-Ohio-3950.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Percy Squire, | : | |
| Relator, | : | |
| v. | : | No. 23AP-137 |
| The Honorable Karen Phipps, | : | (REGULAR CALENDAR) |
| Franklin County Court of Common Pleas, | | |
| | : | |
| Respondent. | | |
| | : | |

D E C I S I O N

Rendered on October 31, 2023

**On brief:** *Percy Squire*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Brian D. Zagrocki*, for respondent.

IN PROHIBITION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Percy Squire, has filed this original action requesting this court issue a writ of prohibition against respondent, Judge Karen Held Phipps of the Franklin County Court of Pleas that: (1) prohibits respondent from holding a prevailing party attorney fees hearing or engaging in any other fee-related proceedings, and (2) vacates, nullifies, and invalidates any action taken by respondent in connection with a prevailing party attorney fees hearing. Relator's cause of action stems from a breach of contract action filed by Donna Keels, L.L.C. ("Donna Keels") against Nofal Foods, L.L.C. ("Nofal Foods") in *Donna Keels*,

*L.L.C. v. Nofal Foods, L.L.C.*, Franklin C.P. No. 20CV-225.[1]   Respondent filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate determined that relator's complaint failed to state a cause of action in prohibition and, accordingly, recommended this court grant respondent's motion to dismiss and dismiss the complaint.   It is well established that "[i]n order to dismiss a complaint for a writ under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of the relator, that the relator can prove no set of facts warranting extraordinary relief." *State ex rel. Lewis v. Holbrook*, 10th Dist. No. 07AP-5, 2007-Ohio-4459, ¶ 7, citing *State ex rel. Hunter v. Patterson*, 75 Ohio St.3d 512, 513-14 (1996).

{¶ 3}   In the underlying action,[2] Donna Keels alleged that Nofal Foods, the tenant, had failed to comply with the terms of the lease by not paying "additional rent insurance costs, real estate taxes, landlord's maintenance costs and the landlord's costs, and the landlord's costs to cure Tenant's failure to perform certain nonmonetary obligations." (Case No. 20CV-225, Compl. at ¶ 6.)   Nofal Foods filed an answer asserting numerous defenses as well as counterclaims for declaratory judgment, abuse of process, and breach of contract and the covenant of quiet enjoyment.   Nofal Foods then filed a motion for summary judgment asking the trial court to dismiss the claims of Donna Keels against Nofal Foods.   The trial court issued an entry granting in part and denying in part Nofal Foods' motion for summary judgment; specifically, the trial court granted summary judgment in favor of Nofal Foods on Donna Keels' claims that Nofal Foods had failed to comply with the terms of the lease by not paying additional rent insurance costs and denied summary judgment as to the remaining claims in the complaint.

---

[1] We note that the prevailing party attorney fee evidentiary hearing was held on March 20, 2023. To date, respondent has not issued a decision regarding the attorney fees.

[2] As noted by the magistrate, in assessing entitlement to a writ, a court may take judicial notice of the pleadings and orders in related cases when such are not subject to reasonable dispute insofar as they affect the present original action without converting a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment under Civ.R. 56.

{¶ 4}   Subsequent to the trial court's ruling on summary judgment, on February 21, 2022, Donna Keels voluntarily dismissed "this action without prejudice" pursuant to Civ.R. 41(A).  (Case No. 20CV-225.)  Three days later, on February 24, 2022, Nofal Foods filed a motion for payment of attorney fees "as the prevailing party."  (Case No. 20CV-225 Mot. for Payment at 1.)  On March 10, 2022, the trial court reinstated the case noting that the case had been terminated in error after Donna Keels had filed a dismissal pursuant to Civ.R. 41(A) because Nofal Foods still had counterclaims pending.  On May 25, 2022, the trial court denied Nofal Foods' motion for attorney fees.  On July 11, 2022, Donna Keels filed a motion for an award of attorney fees pursuant to R.C. 2323.51 and Civ.R. 11.  On July 22, 2022, Nofal Foods voluntarily dismissed its counterclaims without prejudice pursuant to Civ.R. 41(A).  Thereafter, on August 8, 2022, Nofal Foods filed a request for payment of attorney fees under the prevailing party provision of the contract, and under Civ.R. 11,  37, and R.C. 2323.51.

{¶ 5}   On October 3, 2022, the trial court denied Donna Keels' request for attorney fees and granted Nofal Foods' request for attorney fees pursuant only to the prevailing party contractual provision and thereafter referred the matter to a magistrate for an evidentiary hearing.  The trial court held:

> Here, Nofal Foods was granted summary judgment as to two of the three claims brought by Donna Keels, for alleged amounts due under the provisions of the Lease. Donna Keels later dismissed its third claim without proceeding to trial. Nofal Foods later dismissed its counterclaims without proceeding to trial. In total, Nofal Foods was granted judgment as to two of Donna Keels' claims, while Donna Keels was not granted judgment as to any of its claims or Nofal Foods' counterclaims. As a result, the Court finds that Nofal Foods is the prevailing party in this action, as it prevailed on the main, and only, issues which proceeded to adjudication. *See EAC Props., LLC v. Brightwell*, 10th Dist. No. 13AP-773, 2014-Ohio-2078, ¶ 13 (courts must look to which party prevailed on the "main issue" in the case). Because Nofal Foods is the prevailing party, Section 20.08 of the Lease requires Donna Keels to pay, among other items, the reasonable attorney fees of Nofal Foods. Therefore, Nofal Foods' Motion for Payment of Attorney Fees is well-taken and is hereby **GRANTED**.

(Emphasis sic.)  (Case No. 20CV-225 Oct. 3, 2022 trial court entry at 3-4.)

**{¶ 6}** Addressing relator's request for a writ of prohibition, the magistrate cited case law which would support a conclusion that when a notice of voluntary dismissal is filed after summary judgment is entered, a trial court does not lack jurisdiction to consider issues related to a prevailing party, including attorney fees, because the notice of voluntary dismissal is a nullity.[3] The magistrate recognized, however, that summary judgment was granted in favor of Nofal Foods on only part of Donna Keels' breach of contract claims.[4] The magistrate determined that although there may be a genuine question as to whether the common pleas court properly exercised jurisdiction in determining there was a prevailing party, such fact did not lead to the conclusion that the court patently and unambiguously lacked jurisdiction to consider Nofal Foods' prevailing party attorney fee request; rather, the issue was resolvable through appeal.[5]

**{¶ 7}** Relator has filed four objections to the magistrate's decision. Relator first objects to an assertion made in the second full paragraph on page five of the magistrate's decision:

> On February 24, 2022, Nofal filed a motion for attorney fees under both Civ.R. 37 and the terms of the lease agreement as the prevailing party. On July 11, 2022 Nofal filed a notice of voluntary dismissal…

(Relator's Objs. at 1.)

**{¶ 8}** Relator contends the magistrate "glosses over the fact" that Nofal Foods' February 24, 2022 fee request was denied on May 25, 2022; as such, argues relator, at the time Nofal Foods voluntarily dismissed its counterclaims on July 11, 2022, Nofal Foods had

---

[3] *See* discussion of *State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, ¶ 48 of the appended magistrate's decision.

[4] Although not cited by the magistrate, we note the case of *Poirier v. Process Equip. Co. of Tipp City*, 2d Dist. No. 27697, 2018-Ohio-1945, which distinguished *Engelhart*, and several other cases from the Ninth and Eleventh Districts which had followed *Engelhart*, on grounds that summary judgment in the case before it was interlocutory whereas in *Englehart* and the cases from the Ninth and Eleventh Districts were not. We note that the December 6, 2021 summary judgment entry in the case before us was also interlocutory.

[5] The magistrate also analyzed the cases of *Hansel v. Creative Concrete & Masonry Constr. Co.*, 148 Ohio App.3d 53 (10th Dist.2002), *Winona Holdings, Inc. v. Duffey*, 10th Dist. No. 13AP-471, 2014-Ohio-519, and *Pavlovich v. Natl. City Bank*, 461 F.3d 832 (6th Cir.2006), in ¶ 47-52 of the appended magistrate's decision. However we do not find such analysis to be pertinent or dispositive of our conclusion that the criteria for prohibition has not been met because with or without such analysis, we cannot conclude the common pleas court patently and unambiguously lacks jurisdiction.

no pending claim for attorney fees. Relator asserts that Nofal Foods' attorney fees claim was not filed until August 8, 2022.

{¶ 9} We have acknowledged the May 25, 2022 denial of Nofal Foods' February 24, 2022 fee request in our summary of the procedural facts. Nevertheless, the magistrate's omission of the same from the decision does not alter our conclusion that the criteria for prohibition have not been met. We still cannot say that the common pleas court patently and unambiguously lacks jurisdiction.

{¶ 10} Relator next objects to an averment in the first full paragraph on page seven of the magistrate's decision:

> Here, relator argues the common pleas court lacks jurisdiction because it is proceeding after voluntary dismissal under Civ.R. 41(A) not on the basis of collateral issues, but on the basis of a determination that there was a prevailing party.

(Relator's Objs. at 2.)

{¶ 11} Relator claims the magistrate misconstrued his argument. Relator maintains he did not file the petition for a writ because respondent proceeded on the basis of a determination that there was a prevailing party; rather, he filed the petition "because following the voluntary dismissal of the action [respondent] did not confine its adjudication of the parties' rights and liabilities to collateral issues, [Civ.R.] 11 and Civ.R. 37, which as collateral issues were the only matters that [respondent] had jurisdiction over following voluntary dismissal. Here [respondent] exercised jurisdiction to make a prevailing party determination after having been divested of jurisdiction by reason of Nofal's voluntary dismissal." (Relator's Objs. at 2.)

{¶ 12} We find no error in the magistrate's interpretation of relator's argument, as it accurately reflects the contention asserted by relator in his complaint for a writ of prohibition:

> The upshot of the above authorities is Nofal's fee request as a "prevailing party" did not survive its voluntary dismissal of the action. The trial court was patently and unambiguously without jurisdiction to make a prevailing party fee award after the action was voluntarily dismissed. A fee request under [Civ.] Rules 11 and 37 and R.C. 2323.51, are collateral matters that survive dismissal, however, the Court's October 3, 2022 Order did not grant fees on any basis other than under the "prevailing party" lease provision. The Court's jurisdiction

under the prevailing party provision did not survive voluntary
dismissal of Nofal's counterclaims.

(Compl. at ¶ 29.)

{¶ 13} The magistrate's use of slightly different verbiage to summarize relator's argument is a matter of semantics, not substance.

{¶ 14} Next, relator objects to an assertion in the first full paragraph on page nine of the magistrate's decision:

It is indisputable that a common pleas court generally possesses jurisdiction to resolve breach of [contract] claims in civil cases in which the matter in controversy exceeds the jurisdictional limit.

(Relator's Objs. at 2.)

{¶ 15} Relator objects to this finding "on grounds a court does not have authority to adjudicate any rights or liabilities of parties where subject matter jurisdiction is lacking." (Relator's Objs. at 2.)

{¶ 16} Relator's objection is unavailing. The magistrate's statement simply (and accurately) articulates the law regarding a trial court's general jurisdiction to adjudicate breach of contract claims. Contrary to relator's intimation, the statement does not infer that a trial court's general jurisdiction extends to situations "where subject matter is lacking."

{¶ 17} Finally, relator objects to the conclusion set forth in the first full paragraph of page ten of the magistrate's decision:

Because an appeal presents an adequate remedy at law to correct any errors in the trial court's determination, relator cannot demonstrate entitlement to the extraordinary remedy of prohibition.

(Relator's Objs. at 2-6.)

{¶ 18} In his decision, the magistrate correctly noted the general rules governing a writ of prohibition. For a writ of prohibition to issue, a relator must establish: (1) the respondent is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would cause injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel.*

*Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 25. " 'If an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Fiser v. Kolesar*, 164 Ohio St.3d 1, 2020-Ohio-5483, ¶ 19, quoting *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642 (1999). " 'Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial.' " *Duke Energy* at ¶ 17, quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶ 15. " 'In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 21, quoting *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 428-29 (2001).

{¶ 19} The magistrate also accurately noted that a common pleas court has subject-matter jurisdiction to resolve breach of contract claims and that such jurisdiction encompasses the authority to award attorney fees pursuant to a prevailing party contractual provision. *See Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9. In addition, the magistrate noted case law regarding voluntary dismissals under Civ.R. 41(A) and the effect of a trial court's grant of summary judgment on such dismissals. The magistrate also noted how the procedural facts in the case before us differ from the facts in the case law cited.

{¶ 20} The magistrate determined that because Nofal Foods was granted summary judgment on only part of Donna Keels' breach of contract claim, a question exists as to whether the trial court properly exercised jurisdiction to determine if Nofal Foods was a prevailing party. The magistrate further determined that because the trial court has general subject matter jurisdiction over the breach of contract claim, including an award of attorney fees pursuant to a prevailing party contractual provision, and can determine its own jurisdiction, relator has an adequate remedy through appeal to challenge that jurisdiction.

{¶ 21} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's four objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, the requested writ of prohibition is hereby denied.

*Objections overruled*;
*writ of prohibition denied.*

JAMISON and BOGGS, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Percy Squire, | : | |
| Relator, | : | |
| v. | : | No. 23AP-137 |
| The Honorable Karen [Held] Phipps, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 17, 2023

---

*Percy Squire,* pro se.

*G. Gary Tyack,* [Prosecuting Attorney], and *Brian D. Zagrocki,* for respondent.

---

### IN PROHIBITION
### ON MOTION TO DISMISS

{¶ 22} Relator, Percy Squire, filed this original action seeking a writ of prohibition against respondent, the Honorable Karen Held Phipps, a judge of the Franklin County Court of Common Pleas. Relator requests this court issue a writ of prohibition that (1) prohibits respondent from holding a prevailing party fee hearing or any other fee related proceedings; and (2) vacates, nullifies, and invalidates any action taken by respondent in connection with a prevailing party fee hearing. On March 31, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

**I. Findings of Fact**

{¶ 23} 1. Relator is an attorney serving as counsel for Donna Keels, LLC ("Keels"), the plaintiff in *Donna Keels, LLC v. Nofal Foods, LLC*, Franklin C.P. No. 20-CV-225 ("*Keels v. Nofal*").

{¶ 24} 2. Respondent, a public official serving as judge of the Franklin County Court of Common Pleas, is presiding over *Keels v. Nofal*.

{¶ 25} 3. Relator filed a complaint in prohibition in the instant case on February 28, 2023.

{¶ 26} 4. In his complaint, relator states that he seeks an order preventing respondent "from unlawfully exercising jurisdiction by directing Magistrate Jennifer Hunt to conduct a hearing on March 20, 2023, concerning a prevailing party attorney fee award filed and granted subsequent to the voluntary dismissal under [Civ.R.] 41([A]) of the underlying action, Franklin County [Court of Common Pleas] Case No. 20-cv-225, *Donna Keels, LLC v. Nofal Foods, LLC*." (Compl. at 2.) Relator requests that this court issue "a writ of prohibition, a peremptory writ of prohibition or in the alternative, an alternative writ that (1) prohibits Respondent from holding a prevailing party fee hearing or any other fee related proceedings; (2) vacates, nullifies, and invalidates any action taken by the Respondent in connection with a prevailing party fee hearing." (Compl. at 10.)

{¶ 27} 5. On March 20, 2023, the magistrate appointed to this case filed an order denying relator's February 28, 2023 motion for an immediate stay and relator's requests for peremptory and alternative writs.

{¶ 28} 6. On March 23, 2023, relator filed a motion to set aside the March 20, 2023 order.

{¶ 29} 7. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on March 31, 2023.

{¶ 30} 8. On April 3, 2023, this court denied relator's motion to set aside the March 20, 2023 order.

{¶ 31} 9. On April 14, 2023, relator filed a memorandum in opposition to respondent's motion to dismiss.

{¶ 32} 10. Respondent filed a reply in support of its motion to dismiss on April 21, 2023.

## II. Discussion and Conclusions of Law

{¶ 33} In the motion to dismiss, respondent argues relator's complaint fails to allege facts sufficient to state a claim that respondent acted patently and unambiguously without jurisdiction.

## A. Review of a Motion to Dismiss in Prohibition

{¶ 34} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 35} A court reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## B. Prohibition

{¶ 36} This court possesses original jurisdiction to issue a writ of prohibition. Ohio Constitution, Article IV, Section 3(B)(1)(d). *See State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 22AP-301, 2023-Ohio-1195, ¶ 8. A writ of prohibition is an extraordinary remedy issuing out of a court of superior jurisdiction that commands an inferior tribunal to cease abusing or usurping judicial functions. *State ex rel. Roush v. Montgomery*, 10th Dist. No. 17AP-791, 2018-Ohio-2098, ¶ 22, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).

{¶ 37} To be entitled to the requested writ of prohibition, the relator must establish that (1) the respondent is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 25; *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections*, 156 Ohio St.3d 238, 2019-Ohio-201, ¶ 5, citing *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, ¶ 27. " 'If an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Fiser v. Kolesar*, 164 Ohio St.3d 1, 2020-Ohio-5483, ¶ 19, quoting *State ex rel. Baker v. State Personnel Bd. of Rev.*, 85 Ohio St.3d 640, 642 (1999). Notably, a writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

{¶ 38} "A court's 'basic statutory jurisdiction to proceed in the case' will generally defeat a claim that the court patently and unambiguously lacks jurisdiction." *Fiser* at ¶ 19, quoting *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329 (1972). "Typically, a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, ¶ 24.

## C. Application

{¶ 39} In his complaint, relator states he is counsel for Keels. On January 9, 2020, Keels filed a complaint against Nofal Foods, LLC ("Nofal") in the Franklin County Court of Common Pleas in *Keels v. Nofal*.[6] Keels alleged in the complaint that Keels was the landlord of a property leased by Nofal under the terms of a lease agreement between the parties. Keels alleged Nofal failed to comply with the terms of the lease agreement by failing to pay additional insurance costs, real estate taxes, maintenance costs, and other costs to cure Nofal's failure to perform certain obligations.

{¶ 40} Nofal filed an answer and counterclaims on March 16, 2020. Nofal listed three counterclaims: (1) declaratory judgment, (2) abuse of process, and (3) breach of contract and breach of covenant of quiet enjoyment. On December 6, 2021, the common pleas court filed an entry granting in part and denying in part Nofal's motion for summary judgment. The court found Nofal was not in default of payment for certain insurance costs as alleged in the complaint. However, the court found there remained a dispute as to whether Nofal was in default for payment of any expenses related to casualties that occurred on the property.

{¶ 41} Following the December 6, 2021 entry granting in part and denying in part Nofal's motion for summary judgment, Keels filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A) on February 21, 2022. On February 24, 2022, Nofal filed a motion for attorney fees under both Civ.R. 37 and the terms of the lease agreement as the prevailing party. On July 11, 2022, Keels filed a motion for sanctions against Nofal pursuant to Civ.R. 11 and R.C. 2323.51. On July 22, 2022, Nofal filed a notice of voluntary dismissal of its counterclaims without prejudice pursuant to Civ.R. 41(A). On August 8, 2022, Nofal

---

[6] In evaluating entitlement to a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment"). As materials in a related case not subject to reasonable dispute, it is appropriate to take notice of the pleadings and orders docketed in the common pleas court in *Keels v. Nofal*.

filed a motion for payment of attorney fees and expenses as the prevailing party and under Civ.R. 11 and 37 and R.C. 2323.51.

{¶ 42} On October 3, 2022, the common pleas court filed an entry denying Keels's motion for attorney fees and granting Nofal's motion for attorney fees as the prevailing party only. In the same entry, the common pleas court set the matter of attorney fees for a nonoral hearing to occur on November 4, 2022. On January 31, 2023, the common pleas court filed an order of reference scheduling a hearing on attorney fees for March 20, 2023 before the magistrate appointed by the common pleas court.

{¶ 43} On February 28, 2023, nearly one month after the order of reference, relator filed the instant action in prohibition. Relator asserts entitlement to a writ of prohibition because the common pleas court patently and unambiguously lacks jurisdiction to hold a prevailing party fee hearing and to engage in other hearing-related fee proceedings.

{¶ 44} Article IV, Section 4(B) of the Ohio Constitution confers on the courts of common pleas "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." A common pleas court is a "court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59 (1891). Subject to limited exceptions, R.C. 2305.01 grants the courts of common pleas subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." Because of this general grant of jurisdiction, "a court of common pleas has jurisdiction over any case in which the matter in controversy exceeds the jurisdictional limit unless some statute takes that jurisdiction away." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9. Thus, when it has been found that "a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction." *Id.*

{¶ 45} Regarding the recovery of attorney fees, Ohio generally follows the "American rule" under which each party is responsible for paying for its own attorney fees. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 18AP-109, 2019-Ohio-5318, ¶ 10, citing *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 10. Exceptions to

this rule include cases in which: (1) statutory provisions specifically provide that a prevailing party may recover attorney fees; (2) there has been a finding of bad faith, or (3) where the contract between the parties provides for fee-shifting. *Columbus Check Cashers, Inc. v. Rodgers*, 10th Dist. No. 08AP-149, 2008-Ohio-5498, ¶ 7. "Fee-shifting contractual provisions are generally enforceable ' "so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case." ' " *EAC Properties, L.L.C. v. Brightwell*, 10th Dist. No. 13AP-773, 2014-Ohio-2078, ¶ 8, quoting *Southeast Land Dev., Ltd. v. Primrose Mgt., L.L.C.*, 193 Ohio App.3d 465, 2011-Ohio-2341, ¶ 15 (3d Dist.), quoting *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 8.

{¶ 46} Generally, "when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court lacks jurisdiction to proceed in the matter." *State ex rel. Conkle v. Sadler*, 10th Dist. No. 02AP-438, 2002-Ohio-6104, ¶ 8. Despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may nonetheless consider certain collateral issues not related to the merits of the action. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 23. *See State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 558 (2001). Here, relator argues the common pleas court lacks jurisdiction because it is proceeding after voluntary dismissal under Civ.R. 41(A) not on the basis of collateral issues, but on the basis of a determination that there was a prevailing party.

{¶ 47} A "prevailing party" is in general terms "the party in whose favor the verdict or decision is rendered and judgment entered." *Winona Holdings, Inc. v. Duffey*, 10th Dist. No. 13AP-471, 2014-Ohio-519, ¶ 9, citing *Hikmet v. Turkoglu*, 10th Dist. No. 08AP-1021, 2009-Ohio-6477, ¶ 74. " 'The concept of "prevailing party" is important because a voluntary dismissal without prejudice in Ohio means that there has been no adjudication on the merits. Further, without an adjudication on the merits, no formal "prevailing party" exists.' " *Id.*, quoting *Miami Valley Hosp. v. Payson*, 2d Dist. No. 18736, 2001-Ohio-1926, citing *Sturm v. Sturm*, 63 Ohio St.3d 671, 675 (1992). Thus, "[a] prevailing party does not exist when a claim is voluntarily dismissed." *Hansel v. Creative Concrete & Masonry Constr. Co.*, 148 Ohio App.3d 53, 60 (10th Dist.2002).

**{¶ 48}** Both Keels and Nofal filed notices of dismissal of their respective claims and counterclaims. Prior to the parties' notices of dismissal, however, the common pleas court filed an entry granting in part and denying in part Nofal's motion for summary judgment. The Supreme Court of Ohio has stated "a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity." *State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, ¶ 17. In order to understand the potential application of that pronouncement to the circumstances at hand, it is necessary to review *Hansel* and *Winona Holdings*, two prior decisions of this court.

**{¶ 49}** In *Hansel*, the plaintiffs filed a claim alleging that the defendant violated Ohio's Consumer Sales Practice Act ("CSPA") under R.C. 1345.09. Prior to trial, however, the plaintiffs voluntarily dismissed their R.C. 1345.09 claim. The defendant then "filed a motion for attorney fees pursuant to R.C. 1345.09(F)(1), which authorizes, in certain circumstances, an attorney fees award to the prevailing party." *Id.* at 55. The trial court denied the defendant's motion for attorney fees, and this court concluded on appeal that the defendant "was not entitled to attorney fees under R.C. 1345.09(F)(1) because there was no CSPA claim, and thus no prevailing party, once such claim was voluntarily dismissed." *Id.* at 60. Therefore, this court held that "[a] prevailing party does not exist when a claim is voluntarily dismissed." *Id.*

**{¶ 50}** In *Winona Holdings*, the plaintiff filed a complaint against the defendant seeking recovery for the alleged presentation of a check that was later dishonored for insufficient funds. The trial court granted the plaintiff's motion for default judgment and awarded a monetary sum for the dishonored check. On appeal from the denial of the defendant's motion for relief from judgment, this court found the defendant was entitled to relief from default judgment and remanded for further proceedings. Upon remand, the plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A). Thereafter, the defendant filed a motion for attorney fees as the prevailing party pursuant to R.C. 2307.61, arguing the plaintiff's complaint was filed after the applicable statute of limitations. The trial court determined that it lacked jurisdiction over the motion for attorney fees because the defendant had not prevailed. On appeal, this court considered whether the trial court erred in finding that the defendant had not prevailed within the meaning of R.C. 2307.61(B).

**{¶ 51}** To resolve the question of whether the defendant was the prevailing party, this court compared our prior decision in *Hansel* with the holding of the Sixth Circuit Court of Appeals in *Pavlovich v. Natl. City Bank*, 461 F.3d 832 (6th Cir.2006). This court summarized *Pavlovich* as follows:

> In *Pavlovich*, the plaintiff asserted multiple claims, two of which were brought pursuant to Ohio's applicable civil RICO statute, [R.C. 2923.34(H)]." *Id*. at 834. The plaintiff subsequently amended her complaint to voluntarily withdraw the two RICO claims. Five other claims remained. The defendant filed for summary judgment on the remaining claims and the trial court granted summary judgment on those claims, but also deemed the two previously withdrawn RICO claims to be barred by the doctrine of res judicata for purposes of future litigation. Pursuant to the Ohio RICO statute, a prevailing party may be awarded attorney fees. Thereafter, the defendant filed for attorney fees as the prevailing party, and the trial court "concluded that the [defendant] was a prevailing party within the meaning of the statute" and awarded attorney fees to the defendant. *Id*. at 836. Plaintiff appealed the trial court's award of attorney fees.
>
> On appeal, the plaintiff in *Pavlovich* argued that, because the Ohio RICO claim was dismissed without prejudice and, therefore, did not constitute an adjudication on the merits, the defendant could not be considered a prevailing party. The Sixth Circuit disagreed and held the trial court's decision was an adjudication on the merits, and, therefore, the defendant was a prevailing party as contemplated by the Ohio RICO statute.

*Winona Holdings* at ¶ 18-19. Comparing *Hansel* and *Pavlovich*, this court found the appellant "cannot be considered a prevailing party" because the appellee "voluntarily dismissed his claims without prejudice prior to the issuance of any judgment by the trial court on the merits of his claims." *Id*. at ¶ 20.

**{¶ 52}** It is indisputable that a common pleas court generally possesses jurisdiction to resolve breach of contract claims in civil cases in which the matter in controversy exceeds the jurisdictional limit and, therefore, to award attorney fees based on fee-shifting provisions contained in such contracts. *Ruehlman*, 2019-Ohio-2845, at ¶ 9. Following *Engelhart*, and consistent with *Hansel*, *Pavlovich*, and *Winona Holdings*, it is also clear that where a notice of voluntary dismissal is filed after the trial court enters summary judgment, the trial court would not lack jurisdiction to consider issues related to a

prevailing party because the notice of voluntary dismissal "is of no force and effect and is a nullity." *Engelhart* at ¶ 17. However, this matter differs from *Hansel*, *Pavlovich*, and *Winona Holdings* in the significant respect that summary judgment was granted in favor of Nofal on only part of the breach of contract claim. Although there may be a genuine question as to whether the common pleas court properly exercised jurisdiction in determining there was a prevailing party, this does not lead to the conclusion that the common pleas court patently and unambiguously lacks jurisdiction. *See Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 22 (stating that "[e]ven if the trial court has misjudged these circumstances (a possibility not unambiguously apparent from this record) and therefore errs in permitting the two depositions ordered (subject to privilege and presumably other objections), a writ of prohibition would not lie"); *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656 (1995) (stating that "[p]rohibition does not lie to prevent a merely erroneous decision by the court" and "the fact that [a judge] may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition"). Rather, this question is resolvable through appeal.

{¶ 53} Because an appeal presents an adequate remedy at law to correct any errors in the trial court's determination, relator cannot demonstrate entitlement to the extraordinary remedy of prohibition. *See State ex rel. Fraternal Order of Police, Ohio Labor Council v. Court of Common Pleas of Franklin County*, 76 Ohio St.3d 287, 289 (1996) ("Absent a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal."); *Sponaugle*, 2018-Ohio-3155, at ¶ 24. *See also State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, ¶ 10, quoting *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 183 (1998) ("An adequate remedy at law is one that is 'complete, beneficial, and speedy.' "). Furthermore, insofar as relator's arguments pertain to the interlocutory nature of proceedings before the magistrate appointed by the common pleas court, this does not alter the fact that prohibition will not lie where an adequate remedy at law is available. *State ex rel. Willacy v. Smith*, 78 Ohio St.3d 47, 51 (1997), citing S*tate ex rel. Hunter v. Patterson*, 75 Ohio St.3d 512, 514 (1996) (restating the "well-settled rule"

providing that "neither prohibition nor mandamus may be employed as a substitute for an appeal from interlocutory orders").

## D. Conclusion

{¶ 54} Therefore, presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of the nonmoving party, relator cannot demonstrate entitlement to the extraordinary remedy of prohibition. Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.