[Cite as *Mitchell v. Atha, Dir. of Pub. Utilities*, 2025-Ohio-3247.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marcus N. Mitchell, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-297 |
| v. | : | (C.P.C. No. 24CV-8331) |
| Kristen Atha, Director of Public Utilities and/or City of Columbus Department of Public Utilities, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 9, 2025

**On brief:** *Marcus N. Mitchell,* pro se. **Argued:** *Marcus N. Mitchell.*

**On brief:** *Zachary M. Klein,* Columbus City Attorney, and *Sarah Feldkamp*, for appellee. **Argued:** *Sarah Feldkamp.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Marcus Nathanial Mitchell, appeals the February 25, 2025 decision of the Franklin County Court of Common Pleas granting the defendants' motion and dismissing his complaint. For all the following reasons, we overrule Mitchell's four assigned errors and affirm the judgment of the common pleas court dismissing his complaint.

{¶ 2} Mitchell initially filed a complaint "for breach of fiduciary duty and breach of contract" against defendant Atha, purportedly in her capacity as Director of Public Utilities for the City of Columbus, in the Franklin County Court of Common Pleas on October 30, 2024. In that complaint, he claimed "damages exceeding $6,000" had been caused by the defendants' failure to accept a "negotiable instrument" he sent to the defendant which he

intended to satisfy an outstanding electric bill.  (Compl. at 1-2.)  In response, defendants filed a combined motion to dismiss his complaint and a motion for a more definite statement in lieu of an answer on November 19, 2024.  In their memorandum, they observe that the City of Columbus Department of Public Utilities ("the City") cannot sue or be sued because it is subordinate to the municipality it serves rather than a separate legal entity, that defendant Atha is entitled to sovereign immunity under R.C. 2744.03 because Mitchell did not aver negligence on the part of either the City or defendant Atha, and because Mitchell failed to set forth facts establishing a claim for relief against either the City or defendant Atha.  (*See* Nov. 19, 2024 Def.'s Mot. to Dismiss Pl.'s Compl. and Mot. for a More Definite Statement at 2-8.)  Mitchell then filed an amended complaint on December 14, 2024, in which claimed "damages exceeding $15,000" and argued that he "tendered a negotiable instrument to Defendant to satisfy an outstanding debt related to an electric utility account," that the "tender . . . was made pursuant to an agreement and in accordance with the doctrine of accord and satisfaction," that "Defendant accepted receipt of the negotiable instrument and accompanying instructions but subsequently failed and refused to carry out the agreed-upon terms of the accord and satisfaction."  (Am. Compl. at ¶ 5-8.)  Mitchell's amended complaint asserted a breach of contract and a violation of R.C. 1303.68, the Ohio version of the Uniform Commercial Code provision regarding discharge "if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument," and claimed that he had suffered damages as a result of the City's failure to accept his proffered payment.

{¶ 3}   But a brief review of the exhibits attached to Mitchell's amended complaint reveals that the "payment" that Mitchell had "tendered" to the defendant was not a negotiable instrument at all.  Rather, someone—presumably Mitchell himself—had merely scrawled language on top of an electric bill, apparently in an attempt to convert that bill into a check that would satisfy the debt.  The bill was modified to state: "pay to the order of Columbus-City Treasurer . . . Five-hundred Eight dollars and 87/100 [sic]," and was endorsed on its reverse side with the language "By: Mitchell, Marcus Nathaniel For: MARCUS NATHANIEL MITCHELL WITHOUT RECOURSE Authorized Representative."  The original due date was crossed out and modified, the "amount enclosed" was stated as "-508.87," and the portion of the bill indicating the payee had been modified to include a reference to "18 USC 8," the section of the U.S. Code that defines the statutory phrase

" 'obligation or other security of the United States' to include all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes . . . and other representatives of value, of whatever denomination, issued under any Act of Congress . . . ." 18 U.S.C. § 8.  Mitchell also included a set of instructions titled "NOTICE OF CLAIM TO INTEREST 1ST ATTEMPT" that stated:

> I am Mitchell, Marcus-N/ agent here on behalf of MARCUS MITCHELL/principal. I hereby accept all Titles, All Rights, All Interest, and Guaranteed Equity owed to principal MARCUS MITCHELL.
>
> I hereby instruct The CITY OF COLUMBUS DEPARTMENT OF PUBLIC UTILITIES to apply principal Balance to principal Account#: 2016439-1293433 each and every billing cycle for set-off. Please apply this Tender of Payment to the account within five business days after receipt of this notice. I also instruct CFO: COLUMBUS-CITY TREASURER to communicate through writing if there are any discrepancies within five business days. If no communication is made within five business days after receipt of notice, then I can assume that the aforesaid instructions have been completed.

(*See* Exs Attached to Am. Compl. at 3-5.)

{¶ 4} Upon receipt of the amended complaint, defendants again filed a motion to dismiss and a motion for a definite statement, noting that "it seems that Plaintiff believes that Plaintiff's mere writing on the invoice (without an accompanying check) serves as 'tendered payment via negotiable instrument as satisfaction of a debt.' " (Dec. 16, 2024) Def.'s Mot. to Dismiss Pl.'s Compl. and Mot. for a More Definite Statement at 2 [R. 36].) The defendants further argued that Mitchell's amended complaint failed to state a claim, failed to provide sufficient facts which would permit a responsive pleading, did not provide a theory of recovery, did not identify defendants who could be sued, and did not provide sufficient facts to satisfy the prima facie elements of his claims of breach of contract and refusal to accept a tendered negotiable instrument.

{¶ 5} Mitchell, in response, filed several pleadings, including a reply memo to the defendants' motions, as well as a combined "rebuttal to the defendants' reply" and motion for default judgment, arguing that the defendants were engaging in mail fraud, abuse of process, legal malpractice, and obstruction of justice by refusing to answer his amended complaint and participate in discovery.  He also filed a motion to compel the court clerk to

accept additional filings, a motion for a temporary restraining order to restore his electric service, additional claims for "financial damages, emotional distress, and obstruction of justice," and a motion to add a party defendant identified only as "Rosalyn, Supervisor for the City of Columbus Department of Public Utilities."

{¶ 6} The trial court did not directly address any of Mitchell's additional motions. Instead, on February 25, 2025, it entered a 3-page judgment entry granting the defendants' motion to dismiss Mitchell's amended complaint:

> The substance of the Amended Complaint is Mitchell's claim that Defendant received an alleged negotiable instrument intended to satisfy an outstanding debt related to an electric-utility account, but that Defendant breached an alleged accord-and-satisfaction contract by rejecting Mitchell's attempted performance. (Am. Compl. 11 5-8, 16.) Attached to the Amended Complaint is what appears to be an electricity bill sent to Mitchell from the City of Columbus for $508.87. It also appears that writings resembling those that would be made on a check were inscribed over the invoice. Presumably, Mitchell contends that Defendant should have accepted the inscribed-over invoice as a valid method of payment for the amount owed.
>
> . . .
>
> Regardless of whom the correct entity to sue would be when asserting a breach-of-contract claim against an entity that processes utility payments, however, it is patently clear that Mitchell has failed to state a claim upon which relief can be granted. Mitchell's assertion that the exhibits to the Amended Complaint constitute a contract or an accord and satisfaction is untenable. Mitchell only attaches what appears to be a portion of an electric bill, written over in the manner a check might be, and asserts that Plaintiff accepted this "payment" without discharging the attendant debt.
>
> Compounding Mitchell's error and revealing the vexatious nature of his litigation are the multitude of motions Mitchell has filed in this case's history. . . . This Court's review of Mitchell's filings only undermines the seriousness with which this Court ordinarily applies its review of a litigant's claims, and Mitchell would be well advised to seek relief from the circumstances he describes through more appropriate channels (for example, engaging with the utility company directly or contacting the Public Utilities Commission of Ohio).

(Feb. 25, 2025 Jgmt. Entry Granting Def.'s Mot. to Dismiss at 2-3.) Instead of taking the trial court's advice, Mitchell filed this timely appeal, which is now ripe for our consideration.

{¶ 7} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Squire v. Phipps*, 2023-Ohio-3950, ¶ 34 (10th Dist.). "Attachments to the complaint are considered part of the complaint for all purposes." *Id.*, citing Civ.R. 10(C). And when ruling on a Civ.R. 12(B)(6) motion, a court "cannot resort to evidence outside of the complaint to support dismissal . . . . [But a]n exception to this prohibition is where certain written instruments are attached to the complaint" in accordance with Civ.R. 10(C) (adoption of exhibits by reference) and Civ.R. 10(D)(1) ("When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading."). *See Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.) (quoted in *State ex rel. Squire* at ¶ 34).

{¶ 8} A trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a legal question, and our review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. While a trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party, *see, e.g.*, *id.*, "the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Cirotto v. Am. Self Storage of Pickerington*, 2025-Ohio-1670, ¶ 21 (10th Dist.), citing *Rudd v. Ohio State Hwy. Patrol*, 2016-Ohio-8263, ¶ 12 (10th Dist.). And a trial court properly dismisses a complaint for failure to state a claim upon which relief can be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to relief. *Id.*

{¶ 9} On review of the documents, record, and briefs filed in this case, we agree with the trial court's analysis. Mitchell's complaint does not suggest that he presented payment of his outstanding electric debt to the defendants, that the defendants rejected that payment, or that he suffered any damage because of that supposed rejection. Instead, he merely asserts that the altered bill he wrongly claims to be a negotiable instrument

should have been accepted as payment by the defendants. Even putting aside the questions of whether the named defendants were the proper parties for his suit, whether he exhausted he administrative remedies as required prior to filing, or whether he can demonstrate the damages he claims to have suffered, we believe the trial court correctly concluded that there is no conceivable way for him to prove the elements of the claims he asserts, since he has not alleged and cannot show that any legitimate and legal form of payment was proffered or tendered on the outstanding electric bill. The modified bill he presented to the City does not meet the definition of a negotiable instrument. (*Compare* Ex. attached to Am. Compl. at ¶ 3 with R.C. 1303.03(A) (defining "negotiable instrument" as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if . . . it is payable to bearer or to order at the time it is issued . . . is payable on demand or at a definite time, [and] it does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . . .") And Mitchell has neither alleged nor shown that any other form of payment was offered and wrongly rejected. *See, e.g.*, *Mentor v. Battersby*, 2005-Ohio-3387, ¶ 19 (11th Dist.) (collection agency's rejection of tendered gold coins as tax debt payment was not wrongful and did not discharge tax debt under R.C. 1303.68(B), because coins were not currency, were not offered at face value, and had true value that was not directly apparent, fluctuated broadly, and was not precisely fixed at the time they were tendered).

{¶ 10} For the forgoing reasons, we overrule all of Mitchell's assigned errors, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

———————————